FRAZIER and wife *vs.* BARNUM and McWILLIAMS.

1. A lace shawl is wearing apparel, and exempt from execution. Whether it is of greater value than the owner ought to wear, in her condition in life as to property, cannot be inquired into, where it was bought for her use before judgment or claim against her.

2. Rings and jewelry are not wearing apparel, and are liable for debt; and as it may be out of the power of the sheriff to levy on, or take posses-

sion of them, being usually worn on the person, a receiver will be appointed, and an order made for their delivery to him.

3. An assignment of an annuity, though due from parties and property out of the jurisdiction of this court, made by the person to whom it belongs, to a receiver here, under the direction of the court, is good, and would enable the receiver to collect it in a foreign state; but where the fund held in trust for the debtor has proceeded from some person other than the debtor himself, it is exempt

On motion for a receiver, and to compel delivery and assignment of property.

*Mr. Ransom*, for complainants.

*Mr. A. K. Brown* and *Mr. I. W. Scudder*, for defendants.

THE CHANCELLOR.

The complainants obtained a judgment against the defendants, Elizabeth L. Barnum and Edward McWilliams, in the Hudson county Circuit Court. On this judgment an execution was returned unsatisfied, leaving a balance exceeding $100 due to the complainants. Upon a bill filed under the supplement to the act respecting the Court of Chancery, passed March 20th, 1845, and the supplement to that act, passed April 12th, 1864, an order was made for the examination of the defendants.

Under this order, Elizabeth L. Barnum was examined as to her property and things in action. That examination disclosed that she has wearing apparel worth $500, including a lace shawl worth $300, purchased by her four years since, in Paris; that she has jewelry worth about $300, and is entitled to an annuity of $865 per annum. This annuity was given to her by the will of Melvin S. Whitney, of the city of New York. The will of Whitney was admitted to probate in New York, the administrator with the will annexed resides there, and was appointed by the surrogate of the city of New York, and the estate and assets of the testator are in that city. The will gives her the interest of $12,500, which the testator directs to be invested by his executor for that pur-

2D*

pose, at the highest legal interest by the law of New York; this interest he directs to be paid to her as often as semi-annually, as long as she shall remain unmarried. No time is fixed for the payment of the interest. It has generally been paid to her in July and January.

The lace shawl is wearing apparel, and by law in this state, all wearing apparel is exempt from execution. Whether the shawl is of greater value than she ought to wear, in her condition in life as to property, cannot be inquired into. It was bought for her use before the complainant's judgment, or claim. The only inquiry which could be made is, whether it is held in good faith as wearing apparel, or purchased for the purpose of putting the price beyond the reach of creditors.

The rings and jewelry are not wearing apparel, and must be given up to the complainant to satisfy his debt. Being articles generally worn on the person, it may be out of the power of the sheriff to levy on, or take possession of them, but a receiver will be appointed in this cause, and an order made to deliver them to him.

The annuity given by the will of Melvin S. Whitney, is due from parties and property out of the jurisdiction of this court, and no receiver appointed here, could sue for, or collect it in the state of New York. But it is a chose in action, and assignable both by the law of this state, and of the state of New York, and an assignment of it made here, under the direction of the court, to a receiver, would enable the receiver to collect it in that state, in the same manner as he could collect a bond, or promissory note, so assigned. It is a rule, that an assignment made by the action of the law of any state or nation, without any act of assignment by the debtor, is not valid beyond the jurisdiction of that state, but when made by the person to whom the chose in action belongs, even if by compulsion of the law of the place where made, it is good everywhere.

But the difficulty in this case is, that the annuity proceeds from a fund held in trust for the debtor, by the representa-

tives of Whitney, which fund proceeded from some other person than the debtor. The act under which these proceedings are had, expressly exempts from its operations, cases where the trust has been created by, or the fund held in trust has proceeded from, some person other than the debtor himself. This case is within the words and intention of the statute. It was to enable creditors to reach all the debtor's property, and to prevent his placing any of it in trust for himself, so that it could not be reached, that this act was passed; and the exception was intended to permit any other person to provide a fund for the support or benefit of the debtor, and place it beyond the reach of creditors, by placing it in trust.

There is a similar statute in New York, but that state has also a statute, which, in case of an annuity of this kind, makes any excess of it, beyond the amount required for the education and support of the annuitant, liable for his debts.

Except as to the excess, thus expressly subjected to debts, the courts of that state have held an annuity, like the present, protected from creditors by proceedings in chancery. *Scott* v. *Nevius,* 6 *Duer* 672; *Rider* v. *Mason,* 4 *Sandf. C. R.* 351; *S. C., on appeal,* 2 *Barb. C. R.* 79.

It is clear, then, that no order can be made to assign the interest of the defendant in this annuity, for the benefit of the complainants.