### THE BIGELOW BLUE STONE COMPANY *vs.* MAGEE and others.

1. When a creditor comes into equity to reach the equitable interest of his debtor in land, he must show a judgment which would, in case the legal title to the property were in the debtor, be a legal lien thereon, and an execution returned unsatisfied.

2. It is not necessary, in such case, to show a levy of an execution on the land which he seeks to reach.

---

On creditors' bill and general demurrer.

*Mr. T. D. Hodges,* for demurrants.

*Mr. W. P. Wilson,* for complainants.

THE CHANCELLOR.

The bill sets forth the recovery by the complainants of a judgment against Magee, for their debt, the issuing of an execution thereon, and the return thereof, *nulla bona aut tenementa.* The object of the suit is to reach real estate, the legal title whereto is and was, when the judgment was recovered, in another of the defendants, by whom, as the complainants allege, it was and is held in trust for Magee in fraud of his creditors.

The question presented under the demurrer is, whether it is necessary, in order to maintain the suit, to allege, and therefore to prove, a levy on the property under an execution on the judgment.

When a creditor comes into equity to reach the equitable interest of his debtor in land, he must show a judgment which would, in case the legal title to the property were in the debtor, be a legal lien thereon, and an execution returned unsatisfied.

This will show that his remedy at law is exhausted, and will entitle him to the aid of equity.

It is not necessary, in such case, to show a levy of an execution on the land which he seeks to reach. *Robert* v. *Hodges,* 1 *C. E. Green* 299 ; *Dunham* v. *Cox,* 2 *Stockt.* 437 ; *Cuyler* v. *Moreland,* 6 *Paige* 273.

The demurrer will be overruled, with costs.