## WILLIAM M. FORCE
### *v.*
### ARCHIBALD K. BROWN and others.

A testator gave his executors a power to sell any or all of his lands, and to pay over the rents from the time of his death until the time of such sale, after deducting the charges thereon, to the persons designated by him. The executors have in hand a considerable sum belonging to B., one of such persons.—*Held*, that this constitutes an active trust, within the exemption of the statute (*Rev. p. 120 § 88*), and that, consequently, the fund cannot be reached to satisfy a judgment creditor of B.

Creditor's bill. On final hearing on pleadings and proofs.

*Mr. Jacob Weart*, for complainant.

*Mr. R. Gilchrist*, for A. K. Brown.

THE CHANCELLOR.

Hosea F. Clark, deceased, late of Jersey City, by his will, dated in December, 1874, authorized, empowered and directed his executrix and executors, and the survivors and survivor of them, to sell, either at public or private sale, within one year after his decease, or within such further time as they might deem advantageous and to the best interest of his estate, and on such terms as they might think proper, all his real estate not thereinbefore devised, and proper conveyances therefor to make. He further

instructed his executrix and executors, and the survivors and survivor of them, to pay over the rents arising therefrom, from the time of his death until the time of sale and conveyance (after paying thereout all taxes, assessments, repairs and interest on mortgage encumbrance, if any, as the same might be chargeable from time to time), in quarterly installments, and in the following proportions, as bequests, which he gave to the persons therein in that behalf designated, among others to his son-in-law, Archibald K. Brown; the language of the bequest being: "To my son-in-law, the said Archibald K. Brown, an equal one-sixth part thereof."

The executors have in hand a considerable sum of money, payable to Mr. Brown under the foregoing devise, and the complainant, a judgment creditor of Brown, seeks by this suit to reach it, or so much thereof as may be necessary for the purpose, to apply it towards the satisfaction of his judgment, on which he has been unable to obtain anything by execution.

Brown resists the claim for the relief sought, on the ground that the bequest is a trust created by the testator, and therefore the jurisdiction of this court does not extend to it. It is urged, in his behalf, that this is an active trust; that the executors are to collect the rents and pay taxes, assessments, repairs &c., and to divide the balance; and, on the other hand, it is argued that, so far as the legatees are concerned, when the balance is in hand it is merely a trust to pay over the one-sixth of it to each of them, and that that balance is not to be held on any trust whatever except to pay it over to those who are entitled to it.

The decree in *Hardenburgh* v. *Blair, 3 Stew. 645,* rules this case. The only difference in principle between the cases is that in that the executors had a discretion as to the time and manner of the payment of the income to the legatee. The legatee, however, was entitled absolutely to the whole income. The decision was not based on the fact that the executors had such discretion, but on the fact that the trust

was an active one. The trust in this case is also an active trust. It is therefore within the exemption of the statute.

The bill must be dismissed, but the dismissal will be without costs.