HORACE LIPPINCOTT, appellant,

*v.*

KETURAH M. EVENS, respondent.

1. The jurisdiction of the court of chancery in reaching property of a judgment debtor does not extend to trust property, where the trust has been created by or the fund so held in trust has proceeded from some person other than the debtor.

2. The sum of $6,000 was bequeathed to executors in trust, to invest it and pay over the income therefrom to the daughter of the testator, with a provision that in case the daughter should at any time wish a part or the whole of said sum, it should be paid to her.

3. The husband of the daughter owned a farm; became bankrupt; the farm was sold by the assignee, and at the request of the daughter the said executors purchased the farm from the person who had bought it from the assignee.

4. The deed to the executors contained a trust clause to the effect that the daughter should be permitted to occupy the farm and receive the income arising therefrom, and that the trustees should sell to such person as she should appoint. Upon a bill filed by a judgment creditor of the daughter— *Held,* that the farm was held under a trust created by the testator and not by the debtor, and could not be reached.

The appellant, Lippincott, recovered a judgment against Keturah M. Evens, wife of Samuel B. Evens, on a joint note executed by said Samuel B. Evens and Keturah, his wife, to said Lippincott, to raise money to pay a note of Samuel B. Evens, given for his individual debt—Keturah M. Evens signing said joint note as surety for her husband.

Judgment was subsequently recovered on said note by said Lippincott against said Keturah M. Evens alone, by default, and *fi. fa.* was issued and levy made on a farm of sixty-three and sixty-hundredths acres held by David D. Griscom in trust for Keturah M. Evens.

A creditor's bill was filed by the above-named appellant, setting out the above-named judgment and the conveyance of the above-named farm to said Griscom, and praying that said judgment be declared a lien on said farm ; that the deed to said Griscom be declared void, and that the farm be sold under said judgment to make the moneys due thereon.

The answer sets out, and the proofs show, that Samuel Lippincott, father of Keturah M. Evens, left by will a legacy of $6,000 to his executors to invest for the benefit of his daughter Keturah for life, and after her death, if she died intestate thereof, to go to her children, share and share alike.

That David D. Griscom, executor, took charge of said legacy and invested the same in the above-named farm for the benefit of said Keturah.

That no other moneys except those arising from said legacy are invested in said farm.

That said Griscom still holds said farm in trust, and that the said Keturah and her husband are now residing thereon.

A decree was made in the court of chancery dismissing the above-named bill, with costs. From this decree the complainant, Horace Lippincott, appealed.

On appeal from a decree of the chancellor, based on the following opinion of Barker Gummere, esq., advisory master :

1. I find and determine that the judgment at law recovered by the complainant against the defendant, Keturah M. Evens, is

conclusive as between the said parties thereto, and that neither
the pleadings nor the proofs in the cause disclose any grounds on
which the validity and force of said judgment can be questioned
in this court—the defendant merely seeks to set up matters which
she might have set up in defence of the suit at law, but which
she neglected to avail herself of in the suit at law.

2. I find and determine that Samuel Lippincott, the father of
Keturah M. Evens, by his will gave and bequeathed to the exec-
utors thereof the sum of $6,000 in trust, to invest the same on
good security, and to collect the income or interest arising there-
from and to pay the same to said Keturah yearly during her
natural life, and empowered and directed (see will) said trustees
to pay her, from time to time, such part or the whole of the
principal sum as she might demand, and directed said trustees to
pay the said sum of $6,000, or such part as remained in their
hands, to such person or persons as she might appoint by her
last will, and in default of such appointment, to pay the same,
in equal shares, to the children of said Keturah.   That the de-
fendant, David D. Griscom, who was one of said executors, re-
ceived the said bequest of $6,000 upon the trusts aforesaid, and
at the request of the said Keturah M. Evens invested the same
in the purchase of the lands described in the bill of complaint,
and took a conveyance thereof dated March 28th, 1876, sub-
stantially upon the same trusts declared in the aforesaid will.
That said Keturah M. Evens shortly after demanded of the said
Griscom that he should pay her a part of the principal of said
bequest for her use, and the said Griscom determined to raise
the sum so demanded by mortgaging said farm therefor, and
that to accomplish that purpose, and by direction of said Keturah,
the said Griscom, on July 15th, 1876, conveyed said lands to
William C. Lippincott for the nominal consideration of $1,
and that on the same day, in the execution of the same pur-
pose, the said Lippincott reconveyed said lands to said Griscom
for the nominal consideration of $1, upon substantially the
same trusts declared in said will, but with power to mortgage
said lands at the request and for the benefit of said Ketu-
rah ; and that on the same day the said Griscom, at the request

of the said Keturah, borrowed the sum of $1,500, for her use, from the defendants, Samuel Lippincott and William G. Evens, and executed to them a mortgage upon said lands to secure said loan.

3. I find and determine that the said Griscom holds the said lands, subject to said mortgage, upon the same trusts created by the will of Samuel Lippincott, deceased; that the said lands are and constitute the said trust fund, converted into land, and that said Keturah has demanded and received of the principal of said fund only that part thereof raised by said trustee upon the mortgage aforesaid.

4. I find and determine that the investment of said trust fund of $6,000 in land, and the aforesaid dealings with said land, were not a complete execution of the trusts declared in said will, and that the trusts are still active, and that the said Griscom is still charged with the active duties of a trustee in respect to said land, as well in respect to the children of said Keturah as to the said Keturah.

5. I find and determine that the said lands are the investment of trust funds which proceeded from a person other than Keturah M. Evens, the judgment debtor, and are held in trust for her and contingently for her children, and that such trust has been created by a person other than the said Keturah; and that this court has no power to subject the said lands to the payment of the complainant's judgment. *Hardenburgh* v. *Blair, 3 Stew. Eq. 645; Force* v. *Brown, 5 Stew. Eq. 118.*

6. I find and determine that the children of Keturah M. Evens have a material interest in the said lands and in this suit, and are necessary parties to the suit, and that the suit is fatally defective for want of the said parties, who are admitted to be *in esse.*

The bill of complaint must be dismissed, with costs.

The bill in this cause was filed by Horace Lippincott, as a creditor of Keturah Evens. It shows a judgment obtained by him against her, an execution returned, leaving a deficiency of

$556.08, after a sale of personal property and the application of the proceeds thereof to the payment of previous judgments.

It shows a levy upon a certain farm, but charges that although it belongs to Keturah Evens, the complainant is unable to obtain the benefit of the levy because the legal title is in one David Griscom, who took the deed for the same from William C. Lippincott and wife, and they from David D. Griscom, trustee, who took the deed from Jesse Evens, the son of said Keturah Evens, and the said Jesse Evens took the deed from David D. Griscom, assignee of Samuel B. Evens, the husband of the said Keturah M. Evens; that all these conveyances were made subsequent to the incurring of the debt due the complainant, and were made for the consideration of $1. It charges that these conveyances were made for the purpose of defrauding the complainant, and that the consideration for the land sold to Jesse Evens was furnished by Keturah Evens.

The answer and proofs show that Samuel Lippincott, the father of said Keturah M. Evens, by will gave to his daughter $6,000, upon the following trust:

"*Item.* I give and bequeath unto my executors hereinafter named the sum of $6,000, in trust for the following uses and purposes: in trust, to invest the same on good security, and to collect the income or interest arising therefrom as the same falls due, and to pay the said income or interest to my said daughter, Keturah M. Evens, yearly and every year during her natural life; provided, however, that in case my said daughter, Keturah M. Evens, should at any time wish a part or the whole of the said sum of $6,000, then I hereby authorize and direct the said trustees, or the survivor of them, to pay to her, from time to time, such part or parts of said sum as she may demand, and her receipt for any such payment shall be a full discharge to said trustees for the amount paid. At her death, the said sum of $6,000, or such part thereof, if any, as may remain in the hands of the said trustees, or the survivor of them, to be paid to such persons as she may bequeath the same to by her last will and testament; or in case she shall die intestate, then to be equally divided among her several children, share and share alike."

He appointed Joseph H. Lippincott, his son, and David D. Griscom, his son-in-law, executors of his will.

It appears that after the death of Samuel Lippincott, Samuel B. Evens, the husband of Keturah M. Evens, made an assign-

ment for the benefit of his creditors by which his farm was sold, and that Keturah M. Evens was desirous that the farm should be retained, and so the trustee, at her request, invested the $6,000, with the accrued interest, in the said land, by taking a deed from Jesse Evens, who had purchased the said farm at the assignee's sale.

The trustee thereafter held the farm in trust for Keturah, and allowed her to occupy it and receive all the rents.

Afterward, being in need of money, she applied to said Griscom to raise money upon mortgage, and he, being advised that the trust clause in the deed which he held from Jesse Evens, gave a power to sell, but not a power to mortgage, conveyed the farm to William C. Lippincott, who reconveyed with a trust clause containing a power to mortgage, by which a mortgage for $1,500 was made, the proceeds of which was paid to Keturah Evens. Griscom still holds the title.

Mr. A. Hugg, for appellant.

Mr. F. Voorhees, for respondent.

The opinion of the court was delivered by

REED, J.

This is an effort to reach equitable property and apply it in satisfaction of a judgment. That this property exists in the shape of a trust, in which the defendant in execution is the beneficiary, is apparent. If this trust is the creation of the debtor herself, the property is amenable to the action of this court of chancery.

If it be a trust created by some one other than herself, then, by force of the statute, it is relieved of any liability to an application in liquidation of the debts of the cestui que trust. Hardenburgh v. Blair, 3 Stew. Eq. 645.

It appears in the cause that the father of the defendant, by will, left the sum of $6,000 to his executors in trust to invest, and to collect and pay the income to Keturah M. Evens, and,

upon her request, to pay to her a part or all of the principal sum, and in trust, upon her death, to pay the same—if still unpaid—to such persons as she, by will, may have designated.

It is perceived that the *cestui que trust*, under this instrument, had the power of complete control over the fund whenever she should choose to exercise it.   Upon her demand, the trustee was to pay it over to her.

Yet, until she should choose to exercise this power, and it was executed, the trust existed ; and it was not a ground for contention upon the hearing that the property, under such a trust, was within the excepted class of trusts mentioned in the statute.

The contention was that this trust became executed and that a new trust arose, the creator of which was the defendant herself, and so subjected the present property to a liability for her debts.   This is claimed to result from the act of the defendant in requesting the trustee to invest the money in the property which is sought to be reached in the present suit.

He made such investment, taking a deed of the property to himself in trust to suffer her to occupy the same and receive the income, and in trust to sell to such person as she should appoint, and should she die without appointing, then to sell and pay the proceeds to such person as she, by will, should designate.

Now, had the trustee, without the request of his *cestui que trust*, made this investment, it is clear that the original trust was still an existing trust.

It is not a question now whether the change of the trust estate from money into land was beyond the power of the trustee to accomplish.   The breach of his duties, as trustee, involved no determination of his fiduciary character, nor does it relieve the property into which the money can be traced from the impress of the original trust.

Nor is it a question whether the trustee can be held responsible by the *cestui que trust* for his acts in making this transmutation of property.   There is more than one instance in the books where a *cestui que trust* has been held estopped by his assent to the acts of his trustee from thereafter claiming that the covenant was in breach of his duty.   Indeed, this is the equitable

rule whenever the *cestui que trust* is not, by reason of infancy or coverture, or some other disability, incapable of according any legal assent to the act of the trustee. This, however, does not operate as an extinguishment of the trust relationship, unless the act is admittedly accepted as a completed execution of the functions of the trustee.

Now it seems to me that it is apparent that so far as the intention of the parties to the transaction which changed this money into land is involved, it was their desire that the trust relationship should continue to exist. I think that it did continue to exist without a break in its continuity, and that instead of there being two trusts, it was a single continuing trust arising from the will of the father of Keturah M. Evens.

The original trust could have been extinguished by the calling in of all the money, as she did call in the $1,500. Had she reduced it to her possession actually or constructively, any subsequent investment or transmutation upon mortgage or deed to another with whatever trust clause in her favor, would have been a creation of her own. Until she did this, I think the trust still exists. She has never had the legal title to any of the money, or to that which now represents money. Her power over the land is not greater than the power she had over the money. The trusts upon which the trustee now holds the legal title do not substantially differ from those under which he held the money. No release or receipt or acknowledgment on the part of the defendant, by which she discharges her trustee from the old trust or admits the reception of the amount held for her under the will, or its equivalent, appears in the case.

The result is, that, inasmuch as the trust still remains one not created by the defendant, the decree below must be affirmed.

*Decree unanimously affirmed.*