THE NEW JERSEY LUMBER COMPANY, appellant,

*v.*

CHARLES L. RYAN et al., respondents.

[Filed November 18th, 1898.]

1. A judgment creditor exhibiting a bill under the statute (*Gen. Stat. p. 389 ¿ 88 et seq.*) for discovery in chancery of property and rights in action of the judgment debtor, and the application thereof towards satisfaction of his judgment, may make defendant anyone to whom he alleges that the judgment debtor has made a voluntary or fraudulent transfer, or who holds property or things in action in trust for such debtor, and, on appropriate prayer, may obtain relief against such defendant under that bill.

New Jersey Lumber Co. *v.* Ryan.

2. That statute, however, does not authorize the chancellor, on a preliminary examination of the judgment debtor and witnesses, to adjudge that any particular property or thing in action held by such defendant under claim of ownership belongs to or is held in trust for the judgment debtor and to compel its transfer and delivery to a receiver appointed upon such examination.

On appeal from orders made in chancery.

The respondents, as judgment creditors of Edward K. Meigs and James F. Stewart, exhibited a bill for discovery under the provisions of the Chancery act that authorize proceedings with respect to unsatisfied judgments at law. *Gen. Stat. p. 389 § 88 et seq.* They therein alleged a fraudulent transfer by Meigs of all his property and assets to the New Jersey Lumber Company, of which he was president. The company was made a defendant and the bill prayed for injunction and for a receiver under the statute and for general relief.

Upon this bill an order for discovery was made, and Meigs and Stewart and one Manning were examined, and thereafter, on reading their depositions, an order was made on October 15th, 1897, requiring the lumber company to show cause why it should not be enjoined from disposing of the property and effects transferred to it by Meigs and from collecting any of the moneys due on book accounts assigned .to it by him, and why a receiver of the property transferred should not be appointed, and in the meantime prohibiting such disposition and collection. On October 26th, 1897, the order of October 15th was made absolute and James F. Gannon was appointed receiver in the cause of all property and things in action belonging to or held in trust for Meigs and Stewart, or either of them, including property and book accounts or other choses in action which were transferred by Meigs to the lumber company and remained undisposed of; and it was ordered that the defendants should deliver to the receiver all such property and choses in action and should execute such conveyances and transfers thereof to the receiver, at his expense, as might be necessary to vest him with the title thereto and the custody and possession thereof. The receiver

was directed to give bond for the faithful performance of his duties.

The Lumber company has appealed from both orders.

*Mr. Warren Dixon,* for the appellant.

*Mr. James E. Howell,* for the respondents.

The opinion of the court was delivered by

·COLLINS, J.

There can be no dispute that to the statutory discovery and relief authorized in chancery in behalf of a judgment creditor may be joined, under one bill, relief against persons to whom the judgment debtor may have made voluntary or fraudulent transfers or who hold property or things in action in trust for him.   The general powers of a court of equity extend to such a jurisdiction, and it is an every-day practice to exercise it. Examples of such exercise are to be found in the reported cases of *Whitney* v. *Robbins, 2 C. E. Gr. 360,* and *Bates* v. *Norton, 10 Dick. Ch. Rep. 251.*  Such persons may be made parties defendant, and the bill will not be multifarious because of inquiring into separate transactions.  After the preliminary examination authorized by the statute a receiver *pendente lite* of the property and things in action belonging to or held in trust for the judgment debtor may be appointed, with authority to possess, receive and, in his own name as such receiver, sue for such property or things in action, but the court of chancery cannot, on such examination as against one claiming lawful ownership, prejudge that any particular property or thing in action belongs to or is held in trust for the judgment debtor, and by its order compel transfer and delivery to the receiver before answer and final hearing.  Of course a court of equity, where an alleged fraudulent transfer is attacked, has discretionary power to resort to a receivership as an auxiliary measure of protection and to compel delivery of property to the receiver, but such power is only exercised where there is a strong case made for the com-

New Jersey Lumber Co. *v.* Ryan.

plainant on affidavits, which the transferee is afforded oppor-
tunity to meet and where there is danger that the property may
not be forthcoming to answer to the decree. *High Rec.* §§ *9,
11; Flagler* v. *Blunt, 5 Stew. Eq. 518, 523; Sobernheimer* v.
*Wheeler, 18 Stew. Eq. 614, 631.* The case before us does not
present that aspect. The orders were based entirely on the stat-
ute, and the only authority there given beyond that for the mere
appointment of a general receiver is for an order that the judg-
ment debtor convey and deliver to such receiver all his property
and rights in action and the evidence thereof. The depositions
taken on the preliminary examination were properly used against
the lumber company as *ex parte* affidavits on the application for
injunction, and as they disclose sufficient reason for preserving
the *status quo,* I think that the order of October 15th and so
much of the order of October 26th as provides for that end may
stand. So, too, the appointment of a receiver of all property
and things in action belonging or due to or held in trust for
Meigs and Stewart, or either of them, and the requirement of a
bond from the receiver, are within the statute and may stand,
but any adjudication as to the property and book accounts or
other choses in action which were transferred by Meigs to the
lumber company and remain undisposed of, was premature and
to that extent, and as to the direction to the lumber company to
deliver such property and choses in action to the receiver and to
execute any conveyance or transfer thereof to him, the order of
October 26th must be reversed.

*For reversal*—Collins, Depue, Dixon, Garrison, Ludlow,
Van Syckel, Bogert, Hendrickson, Nixon—9.

*For affirmance*—None.