SARAH C. STOUT et al.

*v.*

ARCHIBALD T. APGAR et al.

[Decided March 2d, 1905.]

Where a husband conveyed lands in trust for the benefit of his wife
and children, creditors of the wife cannot subject such lands to the
payment of her debts.

On bill for relief.

*Messrs. Clark & Case,* for the complainants.

*Mr. H. Burdett Herr,* for the defendants.

BERGEN, V. C.

In 1892 Sylvester A. Hall conveyed certain lands in Somerset county to one Martin Wyckoff, in trust,

"to hold, rent, sell, convey and mortgage any and all of said lots, if he shall think best to do so, for the purpose of raising money for the maintenance and support of said Ella Hall and her children, for their clothing and education, and, if deemed best, to buy and provide a house for them."

The beneficiaries were the wife and children of the grantor, who lived apart from his family and made no provision for their support or maintenance other than the trust above mentioned. The wife incurred obligations, in supporting and maintaining herself and family, for which the complainants recovered judgments against her, and now file their bill of complaint as judgment creditors of the wife, making parties defendant the trustee, wife and infant children, praying that their judgments may be declared to be a lien on the trust property, and that the lands be sold free and clear of the interests of the defendants, and the judgment debts satisfied out of the proceeds of such sale.

A demurrer was interposed by the trustee, stating as a cause that the trust, as disclosed in the bill of complaint, did not proceed from Ella C. Hall, the judgment debtor. It is quite clear that the objection raised by this demurrer is well taken, and that the pleading presenting it should be sustained. The aid which the complainants seek is the subjecting of this trust property to the lien of their judgments at law against one in whose favor, in part, the trust was established. The statute under which relief is sought by its terms excludes appropriation by creditors of trust property when the trust has been cre-

ated by or the fund has proceeded from some person other than the debtor himself, and our court of last resort has held that this statute defines the jurisdiction of the court over trust funds in their application to the payment of debts. *Hardenburgh* v. *Blair, 80 N. J. Eq. (3 Stew.) 645, 665.*

In the case under consideration the trust property proceeded from a person other than the debtor, and thus falls within the prohibition of the statute. The trust was created to provide a fund for the support not only of the wife but of the children, and it was purposely put beyond the reach of the creditors of the wife. If these complainants dealt with the wife, and extended credit to her on the strength of the trust, they did so with full knowledge of the conditions, and are chargeable with notice that the trust proceeded from another and could not be reached to satisfy their claim without abrogating the exception in the statute.

I will advise a decree sustaining the demurrer, with costs.