CHARLES W. MANNING

*v.*

WILLIAM JAGELS et al.

[Submitted October 30th, 1905. Decided March 27th, 1906.]

1. A statement in a bill that complainant recovered against a defendant a judgment at law and issued thereon an execution, which was returned wholly unsatisfied, is a sufficient allegation of an unsatisfied judgment, whereon the legal remedy has been exhausted.

2. What force should be conceded to statements of facts in a bill, made upon information and belief, need not be considered when the bill contains statements not thus limited, which, if established by proof, would entitle complainant to the relief sought.

---

On demurrer to bill.

*Mr. William H. Speer,* for the defendants.

*Mr. Henry J. Morris,* for the complainant.

MAGIE, CHANCELLOR.

The bill in this cause is designed to reach property of the defendant Lasher and enforce thereon a judgment of the complainant against that defendant.

The demurrer challenges the bill on the ground that it does not aver facts with that degree of certainty and directness which

the rules of pleading require, so as to entitle complainant to the relief he seeks.

It is first contended that the bill does not disclose any present right on the part of the complainant. The allegation of the bill is that the complainant recovered a judgment in the supreme court against the defendant Lasher, and caused a writ of *fieri facias de bonis et terris* to be sued out of that court, which writ the sheriff of Hudson county has returned wholly unsatisfied. The contention of counsel is that the complainant has not averred that the judgment remains unsatisfied, or that there is no other property of the judgment debtor out of which the debt can be made. This criticism I think unfounded. The allegation of the recovery of the judgment, the issuance of execution and its return unsatisfied, present a state of facts presumed to continue until the contrary is made to appear. A statement that execution has been returned unsatisfied on the judgment includes the lack of other property to be levied on and the exhaustion by the judgment creditor of his legal remedy. This mode of stating the claim of a judgment creditor has been adopted or approved in several cases. *Smith* v. *Wood, 42 N. J. Eq. (15 Stew.) 563; Francis* v. *Lawrence, 48 N. J. Eq. (3 Dick.) 508; Randolph* v. *Daly, 16 N. J. Eq. (1 C. E. Gr.) 313.* The precedent given by Colonel Dickinson also gives this mode of stating a judgment creditor's claim. *Dick. Ch. Prec. 512.* This objection to the bill cannot prevail.

It is next contended that the bill is defective on the ground that the complainant states the facts on which he seeks relief, not positively and directly, but thus: "Your orator further shows that upon inquiry he is informed and believes," &c.

It is unnecessary to determine whether this bill, if it contained no statements of facts except such as are distinctly averred to be made because complainant has been informed and believes them to be true, could be supported against a demurrer for want of equity, for not all the statements of this bill are so limited. It is possible to discover allegations that seem to be of facts without any such limitations, and to the following effect, viz., that on a certain day the defendant Lasher purchased, in the name of his wife, a lot of land in Weehawken, paid for the

same with moneys of his own, and procured the title thereto to be made in the name of his wife, Julia V. Lasher; that Lasher is building a dwelling-house on that land with lumber purchased and paid for by him; that afterward Julia V. Lasher and her husband conveyed that land to the defendant Jagels for the nominal consideration of one dollar, and that notwithstanding the conveyance to Jagels, said Lasher has purchased materials to complete the building and paid for them by his own money, whereupon the charge is made that Jagels holds the title for Lasher, and that complainant's judgment ought to be enforced thereon.

The bill, as a specimen of equity pleading, is open to serious criticism, but upon the allegations above set forth, I think a demurrer cannot be sustained. It will therefore be overruled.