W. S. HUSELTON & Co., a corporation,

*v.*

JOHN DURIE et al.

[Decided September 9th, 1910.]

1. A judgment creditor, who seeks to reach an equitable estate of the judgment debtor in land, must plead and prove that he has exhausted his remedies at law against the debtor, and that he cannot collect his judgment at law.

2. A judgment creditor, seeking to reach an equitable estate of the judgment debtor, does not show that he has exhausted his remedies at law by merely showing that the debtor is insolvent.

3. A demurrer to a bill in equity does not admit facts pleaded on information and belief.

4. A judgment creditor, entitled to reach real estate to which the judgment creditor was entitled under a will, and which he has caused the executor, who had the power to convey, to convey to him and his wife, is entitled to an equitable lien on the property of the debtor standing in the name of the wife, and to have that lien foreclosed for his benefit.

Upon demurrers by Annette Durie to cross-bills of Bisig, Schwarz, and Rich & Co.

*Mr. Adolf L. Engelke,* for the demurrant.

*Mr. William M. Sueffert,* for the cross-complainants.

GARRISON, V. C.

The separate cross-bills are practically, and for the purposes of this decision actually, identical, and will be dealt with as if one.

They aim to reach real estate which—or the proceeds of the sale of which—John Durie was entitled to under his mother's will, and which real estate he caused the executors of his mother's will, who had the title and the power to convey it, to convey to him and his wife.

The cross-complainants contend that as to them the wife holds

as a trustee. They plead judgments against the husband, but do not allege the date of the deed, or that executions were issued and returned unsatisfied upon their judgments. What they are trying to reach is the equitable estate of Durie in the lands; to have the title, so far as conveyed to Mrs. Durie, held to be in trust for their debtor, and hence recoverable by them. To do this they must plead and prove that they have exhausted their remedies at law against their debtor. I do not think they have done so. The only attempt to do so is by alleging what the complainant had done upon his judgment, and by an allegation, upon information and belief, that John Durie is insolvent. I do not think that the latter allegation is sufficient—*first,* because a defendant may be insolvent—that is, may not have enough assets to pay all his debts—and yet a vigilant creditor may secure property of the insolvent sufficient to satisfy his debt; and *secondly,* upon the demurrer the defendant is not bound by allegations upon information and belief. *Schuler* v. *Southern Iron and Steel Co. (Vice-Chancellor Garrison, 1910), ante p. 60.*

It may well be, as argued by complainants, that they are not required to allege and prove that they have issued executions and had them returned unsatisfied. I do not decide this because I do not have to do so. But at least they must allege and prove that they cannot collect their judgments at law before they can appeal to this court to obtain equitable assets or liens upon equities of the debtor. The distinction between those cases in which the object is to set aside a conveyance made by a debtor of property to which he had title and those in which the debtor has never had title, but in which he caused property to which he was entitled or had paid for to be conveyed to another in fraud of his creditors, is pointed out and illustrated in the following cases: *Haggerty* v. *Nixon (Chancellor Runyon, 1875), 26 N. J. Eq. (11 C. E. Gr.) 42; Belford* v. *Crane (Chancellor Green, 1863), 16 N. J. Eq. (1 C. E. Gr.) 265; Holdrege* v. *Gwynne (Chancellor Zabriskie, 1866), 18 N. J. Eq. (3 C. E. Gr.) 31; Kinmouth* v. *White (Vice-Chancellor Pitney, 1901), 61 N. J. Eq. (16 Dick.) 358;* and in these cases it is held that where the creditor is seeking the equitable estate or interests of the debtor

he must show that he cannot obtain payment by further proceeding at law. Furthermore, I do not think the appropriate relief is prayed for; I do not think that the prayer should be to set aside the deed which the executors had made to John Durie and his wife. This would not advantage the cross-complainants in the least, but would disadvantage them, and is not, in any event, the relief to which they are entitled. What they have the right to—if they allege and prove the proper facts—is to have the title' now vested in Mrs. Durie held to be in trust for John Durie so far as they are concerned, and to have it decreed either that the said John Durie shall pay the cross-complainants their dues, or that the property be sold and the proceeds used for that purpose —in other words, what they are entitled to is to have an equitable lien upon the property of John Durie standing in the name of Annette Durie, and to have that lien foreclosed for their benefit.

The demurrers are therefore sustained, with costs, and the cross-complainants will be given opportunity to reframe their pleadings.