WILLIAM BAADER, administrator of the estate of Edward Magai, deceased, complainant-respondent,

*v.*

ANTONIO MASCELLINO et al., defendants-appellants.

[Submitted February term, 1934.   Decided May 4th, 1934.]

*Mr. Dougal Herr,* for the appellants.

*Mr. G. Frank Shanley,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

Complainant, after the foreclosure of the mortgage security, recovered a deficiency judgment on the bond against the maker thereof, Antonio Mascellino. He caused an execution to be issued thereon, and, upon its return unsatisfied, he filed this bill for discovery and relief. It was therein alleged that, for the purpose of defrauding complainant, the judgment debtor conveyed three tracts of land and assigned a mortgage to defendant Jefferson Holding Company, and transferred another mortgage to one Tuohy, who, in turn, assigned it to the judgment debtor's son, Adolph.

Immediately upon the filing of the bill, an order was made directing the defendants to appear and make discovery, on oath, before a designated master in chancery, concerning the property and things in action belonging to Antonio, and particularly the real and personal property alleged in the bill to have been fraudulently conveyed and transferred. Pursuant thereto, Antonio and his son, Adolph, who was made a party defendant, were examined on oath before the master. After the taking of the depositions, the defendants answered, issue was duly joined by the filing of a replication, and the cause proceeded to final hearing. The conveyances and mortgage transfers were decreed to be fraudulent and void "as against complainant's judgment," and a sale thereof was ordered to satisfy the judgment debt. The appeal is from this decree.

Appellants contend *in limine* that the learned vice-chancellor erred in admitting in evidence the depositions taken pursuant to the order of discovery. They invoke section 75 of the act relating to the court of chancery (*1 Comp. Stat. p. 438*), which provides that, when a judgment debtor is ordered to make discovery of his property and things in action, on bill filed under section 70 thereof, either party, on

the final hearing of the cause, "may use his own deposition and that of the opposite party, or either of them, and the deposition or depositions of any other witness or witnesses" taken pursuant to the order of discovery, provided the party intending to use the same shall file with the clerk of the court, "within twenty days after the filing of said deposition in the clerk's office a written notice of his said intention."

The initial question presented involves the applicability of the statute. This is a creditor's bill in aid of an execution issued upon a judgment at law. While the bill prayed that the conveyances and mortgage transfers be set aside as fraudulent, it also invoked the auxiliary jurisdiction of equity to compel discovery in aid of judgment creditors. The jurisdiction of equity to entertain suits in aid of creditors had its origin in the narrowness of the common law remedies by writs of execution. These writs, issued by courts of common law, besides being otherwise limited in their operation, were, of course, confined to those estates and interests recognized by the law, and did not extend to estates and interests equitable in their nature. Creditors' suits were therefore permitted to be brought in those instances where the relief by execution at common law was ineffectual; as for a discovery of assets; to reach equitable and other interests not subject to levy and sale at law; and to set aside fraudulent conveyances and obstructions. *Pom. Eq. Jur. (4th ed.)* §§ *1415, 2294.* There are two classes of cases which may be made the subject of a creditor's bill. A creditor's suit—strictly so called—is where the creditor seeks to satisfy his judgment out of the equitable assets of the debtor which cannot be reached on execution. The second class of cases is where property legally liable for execution has been fraudulently conveyed or encumbered by the debtor, and the creditor brings the action to set aside the conveyances or encumbrance as an obstruction to the enforcement of his lien; for, though the property might be sold on execution notwithstanding the fraudulent conveyance, the creditor will not be required to sell a doubtful or obstructed title. *Ibid.,* §§ *2309, 2310; 12 R. C. L. 616, et seq.*

Discovery may be had to detect fraud, or to set aside fraudulent conveyances. *9 R. C. L. 171.* Where the bill

(to set aside fraudulent conveyances) points out the property conveyed and specifies the particulars of the alleged fraud, the complainant may, as ancillary to the main relief sought, have a discovery as to the property alleged to have been fraudulently concealed or conveyed by the debtor, and the consideration received therefor, subject to the rules governing discovery generally. *27 C. J. 862.*

But the suit for a "discovery" belonging to the auxiliary jurisdiction of equity should be carefully distinguished from the so-called "discovery" which may, and ordinarily is, an incident of every equitable action. It is a part of the ordinary equity procedure that, whatever be the relief sought, and whether the jurisdiction be exclusive or concurrent, the complainant may, by means of allegations and interrogatories contained in his pleading, compel the defendant to disclose by his answer facts within his own knowledge which may operate as evidence to sustain the complainant's contention. The term "discovery" is also applied to this process of probing the defendant's conscience, and of obtaining admissions from him, which accompanies almost every suit in equity; but it should not be confounded with "discovery" in its original and strict signification. *Pom. Eq. Jur. (4th ed.)* §§ *144, 191.*

In seeking discovery from the defendants, therefore, respondent invoked the provisions of sections 70-75 of the Chancery act (*1 Comp. Stat. p. 435*). It was good pleading to seek, under the one bill, the statutory discovery and relief, and relief against persons to whom the judgment debtor may have made voluntary or fraudulent transfers, or who hold property or things in action in trust for him. The general power of a court of equity extends to such a jurisdiction, and it is a common practice to exercise it. *New Jersey Lumber Co.* v. *Ryan, 57 N. J. Eq. 330; Bates* v. *Norton, 55 N. J. Eq. 251; Way* v. *Bragaw, 16 N. J. Eq. 213.* And it follows that the admissibility of the depositions, at final hearing, depends upon a compliance with the provisions of section 75 of the act.

It is conceded that respondent did not give the statutory notice of his intention to use the depositions on the final

hearing of the cause. The learned vice-chancellor admitted them as "admissions" of parties to the suit, but in this he was clearly in error. These depositions were taken before answer filed and issue joined, and were not admissible on final hearing unless there was a substantial compliance with the statute. This statutory provision makes no distinction between the depositions of parties and those of witnesses. It distinctly enjoins the use of either unless the notice of intention is given within the prescribed time. Its purpose is manifest. It is to advise the adversary party of the intention to make use of the depositions, as if such evidence were taken in the customary mode after issue joined, so that he may prepare accordingly. If the notice of such intention is not given, he is justified in assuming that the depositions will not be so used. This provision is mandatory and not directory in character, and must be observed; otherwise, the depositions are inadmissible for the purpose indicated. The rights of the parties in respect of the use of the depositions are regulated by the statute, and the court is not vested with a discretionary power in the premises. The language of the statute is clear and positive. The intention is distinctly expressed. The legislative purpose was to make the notice of intention a prerequisite to the introduction, at final hearing, of the depositions so taken. That is the very essence of the provision in question. Where the legislative purpose is expressed in unmistakable language, it must be enforced by the courts as it is written, without regard to its wisdom or utility.

The final decree was concededly based upon the evidence of the parties contained in the depositions, and a reversal is therefore required.

Decree reversed, and cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.