Whatever may be the style of the disguise, equity adapts its remedial or corrective decrees to the essential and substantive nature of the transaction. A judgment at law in the sum of $4,220 has been obtained by the complainant against the defendant Rose K. Dwyer. The complainant seeks a decree appropriating to the payment of his judgment an equitable *Page 227 
interest ostensibly acquired by the defendant Rosda Corporation, in a residential property occupied by the judgment debtor and known as No. 614 Linden Avenue at Woodbridge, New Jersey.
An auxiliary purpose of the bill is to obtain discovery in aid of the unsatisfied judgment. R.S. 2:29-110. This assortment of relief can be solicited under one bill. Baader v. Mascellino,116 N.J. Eq. 126; 172 Atl. Rep. 549.
A narrative of the dominant facts accumulated from the depositions taken before the master (R.S. 2:29-116) and from the evidence adduced at the final hearing, will be abridged. Mrs. Dwyer has been an actively employed woman, and at or before her marriage in 1924 she acquired the premises at Woodbridge. Upon her marriage, she and her husband established their home there and, significantly, they have ever since continued to occupy the property. On July 6th, 1932, the incorporation of the Rosda Corporation was instigated by Mrs. Dwyer, to which company she and her husband on the same day conveyed their real estate. A subsequent delinquency in the payment of taxes occasioned a sale of the Linden Avenue property to the Township of Woodbridge on or about July 10th, 1939. On July 27th, 1939, there was submitted to the township committee an offer in writing to purchase the premises, signed "Rose K. Dwyer, for Rosda Corporation." The proposal form contained the following term: "Bargain and sale deed to be taken in name of ____" In the space reserved for the designation of the grantee, appears an interrogation mark. The clerk in the office of the real estate director of the township explains that Mrs. Dwyer was then undetermined concerning the name of the eventual grantee.
The offer received the approval of the township committee and a contract was prepared on June 15th, 1940, between the township and Rosda Corporation, wherein the latter engaged to purchase the premises for a specified price payable in periodical installments. This contract was executed on behalf of the Rosda Corporation by Rose Dwyer as president, and attested by her sister, Anna Donegan, as secretary of the company. Mrs. Dwyer thereafter made the requisite payments *Page 228 
on account of the purchase price until the institution of the present suit.
Nothing more than the utility of its barren existence can be claimed for the Rosda Corporation. Upon its organization ten shares of the authorized capital stock were issued, eight of them to Mrs. Dwyer, one to her sister, Mrs. Donegan, and one to her brother. Never having had any money the corporation has never required a bank account. Never having transacted any business, its minute book is empty. Assuredly, the only noticeable efficiency of the corporation has been that of a receptacle.
The complainant insists that the equitable interest in the property or "thing in action" acquired ostensibly in the name of Rosda Corporation in truth belongs to the defendant, the judgment debtor, Rose K. Dwyer.
It is refreshing to state that in the present cause it is not apparent that Mrs. Dwyer was motivated to incorporate and utilize the company for any fraudulent purpose. Her last business venture was imprudent, resulting in the entry of the judgment against her on July 22d 1942. It is therefore at once discernible that here the satisfaction of the judgment at law is sought to be made out of an alleged equitable asset of the debtor, which is beyond the reach of an execution at law.
The statutory power of this court to discover and subject equitable interests of a debtor to the payment of an unsatisfied judgment is not of recent origin. P.L. 1845 p. 141; P.L. 1864 p.704; R.S. 2:29-110 et seq. Of course, it cannot absorb for such an object property which is reserved therefrom by law. Cf. R.S.2:26-99; R.S. 2:26-110; R.S. 30:5-12; R.S. 43:18-12; R.S.34:15-29; R.S. 8:2-28. Excluded also are trusts created by and proceeding from some person other than the debtor. Frazier v.Barnum McWilliams, 19 N.J. Eq. 316; Hardenburgh v. Blair,30 N.J. Eq. 645; Force v. Brown, 32 N.J. Eq. 118; Lippincott v.Evens, 35 N.J. Eq. 553; Halstead v. Westervelt, 41 N.J. Eq. 100; 3 Atl. Rep. 270; Stout v. Apgar, 69 N.J. Eq. 337;60 Atl. Rep. 52.
"In equity, upon an agreement for the sale of lands, the *Page 229 
contract is regarded, for most purposes, as if specifically executed. The purchaser becomes the equitable owner of the lands, and the vendor of the purchase-money. After the contract, the vendor is the trustee of the legal estate for the vendee." Such was the rationalism of the Court of Errors and Appeals inHaughwout Pomeroy v. Murphy, 22 N.J. Eq. 531, 546. A judgment at common law of itself is not a lien upon an equitable interest of the debtor. Van Cleve v. Groves, 4 N.J. Eq. 330;Dodge v. Brokaw, 32 N.J. Eq. 154, 158; affirmed, 36 N.J. Eq. 357.
The writ of execution issued in pursuance of the judgment held by the complainant has been returned wholly unsatisfied.R.S. 2:29-110. The law processes should be exhausted in aid of a law judgment before the Chancery jurisdiction is invoked.Whitfield v. Kern, 125 N.J. Eq. 515, 520; 6 Atl. Rep. 2d411; W.S. Huselton Co. v. Durie, 77 N.J. Eq. 437;77 Atl. Rep. 1042; Bigelow Blue Stone Co. v. Magee, 27 N.J. Eq. 392;Manning v. Jagels, 71 N.J. Eq. 41; 63 Atl. Rep. 492. SeeCowan v. Storms, 121 N.J. Law 336; 2 Atl. Rep. 2d 183.
The factual conclusion is that the defendant, Rose Dwyer, made use of the Rosda Corporation as a mere implement in contracting to purchase the premises from the township for herself. Equity regards substance rather than form. It was Vice-Chancellor Van Fleet who remarked in Livermore v. McNair, 34 N.J. Eq. 478:
"Equity cares very little about mere matters of form; it endeavors to deal with the substance of affairs, and to regulate its judgment according to the real purposes which have controlled parties in the various matters brought before it for relief or correction." In Trachman v. Trugman, 117 N.J. Eq. 167;175 Atl. Rep. 147, Vice-Chancellor Stein said, "Where the corporate form is used by individuals for the purpose of evading the law, or for the perpetration of fraud, the courts will not permit the legal entity to be interposed so as to defeat justice." InHavey v. Hofmann, 121 N.J. Eq. 523; 191 Atl. Rep. 756;affirmed, 123 N.J. Eq. 589; 199 Atl. Rep. 75, Vice-Chancellor Lewis characterized a corporation as a "blind or cover" for the operations of others. Vice-Chancellor Sooy announced in MurtlandHolding Co. v. Egg Harbor Commercial Bank, *Page 230 123 N.J. Eq. 117; 196 Atl. Rep. 230, that "where the corporate form is used as a shield behind which injustice is sought, equity penetrates the shield, casts it aside and does equity." Of similar import: Schmid v. First Camden National Bank, c.,Co., 130 N.J. Eq. 254; 22 Atl. Rep. 2d 246; Goldberg v.Yeskel, 129 N.J. Eq. 404; 20 Atl. Rep. 2d 656; affirmed,129 N.J. Eq. 410; 19 Atl. Rep. 2d 788; Ross v.Pennsylvania Railroad Co., 106 N.J. Law 536; 148 Atl. Rep. 741;Garford Trucking, Inc., v. Hoffman, 114 N.J. Law 522;177 Atl. Rep. 882.
The existence of an original fraudulent purpose is not an indispensable element in order to ignore the bald nominal interest of the subservient corporate entity where equity and justice so require. In such circumstances the vicarious use of the corporate title as an expedient will not effectively obscure and liberate in equity, the debtor's property from seizure in payment of just debts.
The theoretical suggestion is proposed by the defendants that the periodical payments which have been made by Mrs. Dwyer have been of a transitional character. Initially, it is said, they were payments by her of rent to the Rosda Corporation and from one of her hands to the other, they immediately became equivalent payments by the Rosda Corporation on account of the contract for the purchase of the property from the township. Such a supposition sprouts from imagination and does not arise from any reasonable and logical inference produced by the evidence. The manifest discrepancies in the testimony of Mrs. Dwyer and that of her sister, Mrs. Donegan, expose its artificiality.
The defendant Rose K. Dwyer is the actual purchaser of the property. Neither her sister nor her husband pretend to have any interests inherent in the contract. The Township of Woodbridge holding the legal title to the premises in trust for the purchaser, is not a party to this cause. Its rights in the transaction, of course, remain untouched. Cf. New Jersey LumberCo. v. Ryan, 57 N.J. Eq. 330; 41 Atl. Rep. 839.
The course of action about to be advised would seem to afford to the complainant the remedy to which he is entitled *Page 231 
in the existing situation. A decree will be advised adjudicating that the defendant debtor through the medium of the defendant corporation is the actual vendee in the contract dated June 15th, 1940, between the Township of Woodbridge and Rosda Corporation for the sale of the Linden Avenue premises therein described; that a receiver be appointed to whom the defendants, Rose K. Dwyer and Rosda Corporation, shall be directed to assign their rights and interests under the terms of the contract, and that the receiver be authorized to publicly sell the equitable interest or "thing in action" of the defendant Rose K. Dwyer, and apply the proceeds, subject to the further order of the court, in payment or pro tanto on account of the judgment held by the complainant. *Page 232