This is a motion to strike the bill of complaint. The bill among other things seeks to have a judgment obtained at law by complainant decreed to be a statutory lien upon decedent's lands and premises, the appointment of a receiver to *Page 190 
collect rents, the prevention of a transfer of the lands by devisees, the sale of the lands under the jurisdiction of this court, and a restraint of actions by the administrator cumtestamento annexo in the Orphans Court until the rights of the parties in interest are determined.
The reasons assigned by the defendants in their motion to strike are as follows:
"1. Complainant has an adequate remedy at law.
"2. There are necessary parties to this action who have not been made parties defendants or joined.
"3. The bill of complaint filed herein is multifarious.
"4. The bill of complaint filed herein does not present an equitable cause of action.
"5. The bill of complaint filed herein does not make out aprima facie case to entitle this court to assume jurisdiction.
"6. The bill of complaint filed herein presents doubt on its face of such a nature as to cause this court to decline to assume jurisdiction.
"7. The Orphans Court assumed jurisdiction of this cause prior to the filing of the bill of complaint herein.
"8. The bill of complaint disclosed no cause of action cognizable in equity."
The decedent's will was probated on March 30th, 1943, in the Hudson County surrogate's office, and complainant's debt was reduced to a judgment in the Court of Common Pleas of Hudson County on January 28th, 1946, in the sum of $1,953. The Orphans Court of Hudson County assumed jurisdiction of this cause until the proceedings there pending were restrained by this court.
I feel that the defendants' motion should be granted. The Orphans Court has concurrent jurisdiction with this court in matters appertaining to the administration and the settlement of estates. It is elementary that equity will refuse to intervene or assume jurisdiction of the settlement of an estate where the relief sought by the parties can be secured in the Orphans Court — the tribunal to which the administration and the settlement of such estates is specifically delegated. Clayton v. Asbury Parkand Ocean Grove Bank, 115 N.J. Eq. 480; 171 Atl. Rep. 502. *Page 191 
Vice-Chancellor Backes in the last cited case, among other things said: "We must follow the established practice of withholding equity's inherent jurisdiction over executor's accounts, unless it appears that the jurisdiction of the Orphans Court is inadequate, or some special reason is apparent, calling for equity's intervention. Streeter v. Braman, 76 N.J. Eq. 371; 74 Atl. Rep. 659; Summerill v. Summerill, 99 N.J. Eq. 502;134 Atl. Rep. 113. The Orphans Court, in the exercise of its concurrent jurisdiction over accounts of executors, adjudges the rights and obligations of accountants upon equitable principles, and in this respect is vested with the power of discovery as fully as is equity. Hill v. Hill, 79 N.J. Eq. 521;82 Atl. Rep. 838."
The allegations of the bill are clearly of a type which may and should be considered by the Orphans Court. A consideration of them fails to disclose a single point therein alleged with which the Orphans Court cannot cope and I find no justifiable reason for interfering with its administration.
The complainant is a creditor of the estate of the decedent and while her bill shows that there are some questions concerning the personal estate being insufficient to pay the debts, still the estate does not appear to be insolvent. The claim has been presented to the administrator cum testamento annexo and he has indicated that it is just and has been listed by him for payment as indicated by the complainant in paragraph 17 of the bill of complaint.
I think there is force to the defendants' argument that complainant can procure payment of her debt by pursuing the remedies she has already elected to pursue — the prosecution of her levy, which is at present pending in the Court of Common Pleas, and that the same issue raised in the levy can be prosecuted, contested, and determined in the proceedings on the rule to show cause why complainant should not be compelled to stand as a general creditor, which was issued out of the Orphans Court.
These matters are pending and remain undetermined in the Orphans Court and the Common Pleas Court because of the restraints issued herein. If those proceedings are allowed *Page 192 
to be prosecuted and the courts' decisions are favorable to this complaint, she would then and there have a full, adequate and complete remedy; and if the decisions should be adverse to her, she has a right of appeal.
The law processes should be exhausted in aid of a law judgment before the Chancery jurisdiction is invoked. It has not been done in the instant case. Whitfield v. Kern, 125 N.J. Eq. 515;6 Atl. Rep. 2d 411; Cohen v. Dwyer, 133 N.J. Eq. 226;31 Atl. Rep. 2d 764.
A judgment creditor who seeks to reach an equitable estate of the judgment debtor in land, must establish that he has used all available remedies at law against the debtor, and that his efforts to collect his judgment at law are fruitless. W.S.Huselton Co. v. Durie, 77 N.J. Eq. 437; 77 Atl. Rep. 1042.
Rule 75 of the Orphans Court calls for the application of Chancery or Prerogative Court rules when and if necessary. It reads: "In cases not covered by these rules, the practice, procedure and rules of the Court of Chancery and the Prerogative Court shall, in so far as applicable, apply to the Orphans Court in the exercise of powers within the sphere of its jurisdiction."
The matters involved in the instant case being within the sphere of the jurisdiction of the Orphans Court, should be there determined.
I might add that the complainant has failed to submit convincing proof that the situation in the instant case warrants the appointment of a receiver.
In Donahue v. Casabianca, 112 N.J. Law 158;170 Atl. Rep. 45, the court among other things said:
"It seems to be well settled in this state, that a creditor who establishes a claim against an estate by a judgment at law, after the claim has been disputed by an executor, simply settles the validity of same, and has the same status as one whose claim has been admitted by the executor to be valid."
The defendants' motion to strike the bill of complaint is granted. *Page 193