109 N.J. Super. 138 (1970)
262 A.2d 437
CHESTER ROGOZINSKI, JOHN ROGOZINSKI, WALTER ROGOZINSKI, STANLEY ROGOZINSKI, FRANCES GRYGON, AMELIA RADONSKI, AND MARY JERZEWSKI, PLAINTIFFS,
v.
JOSEPH ROGOZINSKI AND GERTRUDE DETRICK, EXECUTORS UNDER THE WILL OF ANASTASIA ROGOZINSKI, DECEASED, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 27, 1970.
*139 Mr. Seymour S. Weinblatt for plaintiffs.
Mr. Stanley R. Bonczek for defendants (Messrs. McDonough & Sullivan, attorneys).
FRITZ, J.S.C.
The question here presented concerns a proper choice between concurrent jurisdiction in the Chancery Division and the County Court in actions relating to the administration of wills.
Plaintiffs, all of whom are, with defendants, children of and the solo heirs of Anastasia Rogozinski, have commenced an action in the Chancery Division for instructions with regard to the will of Anastasia Rogozinski and the will of her husband Walter Rogozinski, who predeceased her. Defendants are coexecutors under the will of Anastasia. Plaintiffs' complaint also seeks removal of these coexecutors.
Defendants have moved for a resolution of substantially the same will construction problems in the County Court of the county whose surrogate admitted both wills to probate.
Walter's will was executed on May 7, 1966. His death followed on June 14, 1966. His surviving wife Anastasia, *140 together with Joseph Rogozinski, a defendant in the aforementioned action, were named as coexecutors. His will was admitted to probate by the surrogate of Somerset County on July 18, 1966. Anastasia executed her will on March 2, 1967 and died on October 28, 1968. Her will named the present defendants as her coexecutors. This will was admitted to probate by the surrogate of Somerset County on November 8, 1968.
The controversy arose in the course of the administration of Anastasia's will, principally with respect to an alleged indebtedness of Joseph Rogozinski to his father. The substance of the legal (as contrasted with procedural) issue here concerns the intent of Walter Rogozinski with respect to this debt, i.e., whether the debt was a charge against his legacy or whether it was forgiven. Other instructions are sought collateral to this question and in addition thereto. All concern the coexecutors' administration of the two wills involved.
An additional legal question is presented by the suggestion of plaintiffs in the Chancery Division action that because the coexecutors here as fiduciaries might be disposed to act in a manner contrary to the monetary interests of their brothers and sisters, but to their own interests as legatees, they should be removed.
The principal present concern of this Court is defendants' motion to dismiss the complaint on the ground, among others, that the Chancery Division "does not exercise jurisdiction over the subject matter because the matter of probate is before the County Court, Probate Division, Somerset County, the County where the wills of Walter and Anastasia Rogozinski were probated." The complaint in the Chancery Division action was filed on January 8, 1970, but not served upon defendants until January 19, 1970. On January 20, 1970 defendant coexecutors, by order to show cause returnable February 13, 1970, sought instructions in the Somerset County Court, Probate Division, concerning substantially the same questions raised here.
*141 We have no doubt that jurisdiction exists in the Chancery Division to hear and decide the matters alleged in the complaint of plaintiffs here. Construction of a will and instructions to the fiduciary are within the jurisdiction of the Chancery Division of the Superior Court. The history of this jurisdiction, extended from the original inherent jurisdiction of equity to enforce an express private trust, is to be found in Capraro v. Propati, 127 N.J. Eq. 419 (E. & A. 1940).
The County Court shares this jurisdiction. N.J. Const., Art. VI, § 4, par. 5; N.J.S.A. 3A:2-2. The jurisdiction in the County Court extends to the removal of fiduciaries for cause. N.J.S.A. 3A:11-4.
This concurrence of jurisdiction conduces to the conviction that "equity [should] refuse to intervene or assume jurisdiction of the settlement of an estate where the relief sought by the parties can be secured in the [County Court]  the tribunal to which the administration and the settlement of such estates is specifically delegated." Robinson v. Hodge, 139 N.J. Eq. 189, 190 (Ch. 1947), aff'd o.b., 140 N.J. Eq. 473 (E. & A. 1947); N.J.S.A. 3A:2-2.
"Equity respects the rights and proceedings of coordinate tribunals and is always reluctant to interfere with an action at law." Camden Trust Co. v. Toone, 141 N.J. Eq. 342, 345 (Ch. 1948).
On the other hand, the Camden Trust case recites another rule, "essential to the orderly administration of justice, that, as between courts otherwise equally entitled to entertain jurisdiction, that court which first obtains possession of the controversy ought to be allowed to proceed and dispose of it without interference, a rule established, of course, primarily for the benefit of the suitor, rather than for the protection of the dignity of the court." Ibid., at 345.
Where there is conflict between two rules thus enunciated, i.e., equity's reluctance to interfere with an action at law, especially in the situation where the subject matter has been specifically delegated to the concurrent jurisdiction of *142 the County Court, and the "first possession" rule, and with due consideration for the fact that the latter rule is said to be for the benefit of the suitor, we believe that the former rule should prevail. This is especially so where, as here, all parties in both matters seek the same relief, at least as to instructions, and where the parties seeking the removal of the fiduciaries also have their remedy available within the concurrent jurisdiction of the County Court. Beyond that, the slight difference in time in the particular circumstances of this case (a County Court filing one day after service in the Chancery Division, and only 12 days after filing in the Chancery Division) seems an inappropriate reason to defeat the obvious salutary purpose of equity's deference to law in the case where jurisdiction at law has been specifically delegated. A corollary to this might be stated in terms of the misfortune that would arise if forum shopping were to result in an award to the fleetest to the starting line.
For the foregoing reasons, we believe that equity should, in the circumstances of this case, refuse to exercise its jurisdiction and that the matter should proceed in the County Court.
Defendants' motion to dismiss is granted. An appropriate order may be submitted.