ELIZABETH F. TICHENOR v. ISAAC R. COLLINS.

1. Under section 1 of the act concerning mortgages (*Rev., p. 710,*) a defendant in an action of ejectment brought by a mortgagee, is not in a position to pay the amount due upon the mortgage and costs, and stay further proceedings, after judgment has been entered.
2. The court, upon special facts, may open a judgment and let in a defendant to redeem.
3. Although no notice in writing, insisting that the defendant has no right to redeem, has been given, pursuant to the third section of the above act, yet if it appear from the deposition that the right of the defendant to redeem is one of grave doubt, the court may refuse the application.

In ejectment.

This is a motion made by the defendant in an action of ejectment brought by the plaintiff as assignee of a mortgage made by Noah Collins, the father of the defendant, to one John H. Marsh. The cause has proceeded to judgment and a writ of possession has issued.

The motion is to make absolute a rule upon the plaintiff to show cause why the amount due upon said mortgage, when ascertained, with costs of suit, should not be paid into court by the defendant, and he be discharged from said mortgage, and why this court should not compel the plaintiff, at the costs and charges of the defendant, to assign, surrender and reconvey the mortgaged lands, tenements and hereditaments, and such estate and interest as plaintiff hath therein, and assign and deliver up said mortgage, and the bond accompanying the same, to said defendant or to such other person as he shall nominate or appoint.

Argued at November Term, 1882, before Justice REED.

For the motion, *E. A. S. Man.*

*Contra, F. M. Tichenor.*

REED, J.   The application for this rule is urged under the first section of the act concerning mortgages.   *Rev., p.* 710. The first point taken in opposition to the rule is that there is now no action pending, and therefore the case does not fall within the terms of the section that if the person having the right to redeem shall at any time pending such action pay the money, &c., he shall be entitled to the order herein claimed.

It was held, in the case of *Shields* v. *Lozear,* 5 *Vroom* 496, that this statute should be strictly construed.   That it was designed to apply only in certain cases mentioned in the preamble and in the introductory words of the statute, and was not intended to supplant bills for redemption.

Now the technical legal termination of an action is the judgment.   All subsequent writs, whether of execution or *scire facias,* are new procedures, although founded upon the judgment.   A suit till judgment is properly called an action, but not after; and therefore a release of all actions is regularly no bar to an execution.   *Bac. Abr., tit. "Actions in General."* Upon inspection of the section, this signification must be accorded to the word as used in the act.

The existence of a judgment in favor of the mortgagee, which not merely establishes his right of possession, but must affirm his title, could never have been considered a concurrent fact with the order contemplated by the statute.

The mortgagee is to assign, surrender or reconvey such mortgaged lands and estate and interest as such mortgagee hath therein, and deliver up all deeds, evidences and writings in his or her custody relating to the title of such mortgaged lands.

Now the order is aimed at the title of the plaintiff as mortgagee.   That title has merged in the judgment, or more accurately a mere equity has become a title.   The delivery of the proper evidences of title would not assist the mortgagor, because the title has passed from him to the mortgagee by the judgment.   I do not say that the part of the order commanding a reconveyance of the estate and interest which the mort-

gagee hath would not, if made, carry the title gained by the judgment, but what I do say is that the whole section exhibits very clearly that it was the title evidenced by the mortgage that was within the legislative intent.

It would no doubt be proper for the court in peculiar cases to permit the judgment to be opened in order that the defendant should be placed in a position to claim his privilege under the statute.   The Court of Common Pleas, in a case where judgment had gone against a tenant in an action to which the landlord and mortgagor had not entered an appearance, and possession had been delivered to the plaintiff, the mortgagee, opened the judgment so that the mortgagor could appear and apply to the court to stay proceedings upon the terms of the statute.   *Doe, ex dem. Tubb,* v. *Roe,* 4 *Taunt.* 887.   This was done under the provisions of the act of 7 *Geo. II., c.* 20, § 1, of which ours is a transcript.   In the present case there is no application to open the judgment, nor do the facts show why the application now made was not submitted before judgment. It would be improper, as the case stands, to order the judgment opened.

But there is, outside of this difficulty, another which seems more formidable.   The statute confers the privilege here claimed upon the person who has the right to redeem the mortgaged premises.   If nothing appeared in the depositions taken upon this rule but the fact that the relator is one of the sons of the mortgagor, his right to redeem would be clear.   But it further appears that the mortgagor, before his death, made a paper purporting to convey this land to John Collins, another son. Nearly all the testimony is directed to the point whether the mortgagor was, at the time of making this instrument, of sufficient mental ability to make a valid deed, and whether he was unduly influenced to execute the same by the grantee.   It appears from the defendant's own showing that there is a title in another, unless that title can be defeated by showing a want of mental power in, or the presence of undue influence operating upon the mind of the grantor.

The third section of the act provides that the provisions of the statute shall not extend to any case where the person or persons against whom the redemption shall be prayed, shall, in writing, under his, her or their hands, or the hands of his, her or their attorney, agent or solicitor, to be delivered, before the money has been brought into court, to the attorney or solicitor on the other side, insist either that the party praying a redemption has not a right to redeem, or that the premises are chargeable with other or different principal sums than what appeared on the face of the mortgage, or shall be admitted on the other side.

No such writing was served in this case, but the right of the defendant to redeem was questioned upon the argument, and to it, as I have remarked, the body of the testimony was directed. Had such writing been served by the terms of the act, all further proceedings would have been arrested. The failure to serve such notice does not preclude the defendant from raising the objection that there is a want of the right to redeem, nor in my judgment does it preclude the court from exercising its discretion in a case where there are grave doubts of the existence of such a right.

In *Goodtitle* v. *Bishop*, 1 *Y. & J.* 344, it was held that the court would not interfere under 7 *Geo. II.*, c. 20, upon an application by the mortgagor to compel the mortgagee to reconvey the mortgaged premises, where the right to redeem is disputed upon the affidavits. See, also, *Goodtitle* v. *Pope*, 7 *T. R.* 185.

No notice in writing had been served in that case. The distinction between an application in which such notice has been served, and a case where it has not, is this: in the first case there can be no investigation; in the second, the court can determine, by investigation, whether such a doubt of the defendant's right to redeem exists as renders it inappropriate for a court of law to turn over the rights of the mortgagee to him.

This case, I conclude, is one in which the defendant should not be permitted to redeem under the terms of the act.

Dawes v. Hightstown.

The rule to show cause will be discharged, and the rule staying the execution of the writ of possession, in the hands of the sheriff, vacated, with costs.