# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

JUNE TERM, 1917.

KITTIE L. SMITH, respondent,

*v.*

WILLIAM J. SMITH, appellant.

[Decided November 19th, 1917.]

Under section 19 of our Divorce act, *P. L. 1902 p. 507*, the court of chancery has power to allow alimony after final decree of divorce has been granted.

On appeal from an order of the court of chancery advised by Vice-Chancellor Stevenson.

*Mr. Henry Marelli,* for the appellant.

*Mr. Addison Ely, Jr.,* for the respondent.

319

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from an order of the court of chancery granting alimony to the respondent, upon her application for the same made subsequent to the entry of a final decree for divorce in an undefended suit brought by her against her husband. Neither in the decree *nisi,* nor in the final decree, was there any provision relating to the payment of alimony, nor was the right to make future application therefor reserved to the respondent.

The contention of the appellant is that the court of chancery was without jurisdiction to make the order appealed from, for the reason that by making the final decree divorcing the parties it lost jurisdiction over them, as well as over the subject-matter of the suit, and of all matters incidental thereto; that this is the necessary result of a final decree in a divorce suit, unless the chancellor expressly reserves some feature of the litigation for future judicial action. .

It is urged that this contention receives support from the decision in *Lynde* v. *Lynde, 54 N. J. Eq. 477; S. C. on appeal, 55 N. J. Eq. 591.* In that case it was said by the chancellor that the subject of alimony was dealt with by the legislature as an adjunct of the divorce suit, and that it was at least a question of grave doubt whether, when the final decree in such a case failed to treat of the question of alimony in any way, it will not be taken to have determined all matters involved in the suit, including the question of alimony. The decree in the cited case was affirmed by this court on the chancellor's opinion, and the doubt expressed by him as to the effect of the final decree under the conditions stated was, inferentially, reiterated by us. When that decision was promulgated the provision of the Divorce act regulating the matter was as follows:

"When a divorce shall be decreed it shall and may be lawful for the court of chancery to take such order touching alimony and maintenance of the wife by the husband as from the circumstances of the parties and the nature of the case shall be reasonable and just." *Gen. Stat. p. 1269* § *19.*

The language which created the doubt suggested by the chancellor in the *Lynde Case* is, of course, the first clause in the section, the implication being that the court should take order touching permanent alimony at the time of making the final decree, either by presently directing or refusing to direct its payment, or by a specific reservation of the matter.

In 1902 there was a revision of the Divorce act by the legislature, and a material change was then made in the first clause of the nineteenth section, the words "when a divorce shall be decreed" being eliminated, and in their place the following clause substituted, viz., "Pending a suit for divorce or nullity, or after decree of divorce." *P. L. p. 507.* The insertion of the words "after decree of divorce" in the statute is very significant in view of the doubt expressed both by the court of chancery and this court as to the power of the chancellor to deal with the subject of permanent alimony after final decree, except the matter was reserved in the decree itself. That some purpose was intended by the legislature to be accomplished in thus changing the statute must be conceded. It was not intended to give the chancellor power to deal with the matter after final decree where the right to do so had been expressly reserved in the decree, for that power existed before the change in the statute. The legislative purpose, therefore, must have been to widen the scope of the chancellor's power in dealing with the subject of permanent alimony after the entry of final decree; in other words, to confer that power upon him even when no reservation of the right to exercise it was set out in the decree. The statute, in the respect indicated, has remained unchanged since its enactment in 1902. It expressly confers upon the chancellor the power to make an order for permanent alimony under the conditions which exist in the present case.

The order under review will, therefore, be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH. BLACK, WHITE, HEPPENHEIMER, WILLIAMS—12.

*For reversal*—None.