MINNIE SAMUELS, petitioner-respondent,

*v.*

JULIUS SAMUELS, defendant-appellant.

[Submitted May 26th, 1933.   Decided September 27th, 1933.]

*Mr. Julius Samuels, pro se,* for the appellant.

*Mr. Carl Weitz,* for the respondent.

The opinion of the court was delivered by

WELLS, J.

On January 29th, 1931, a decree *nisi* was entered in the court of chancery awarding a divorce to the respondent wife from her husband, the appellant, on the ground of the husband's adultery, and the custody of the infant children was given to the respondent wife.   This decree was made absolute May 15th, 1931.

No provision was made in either the decree *nisi* or the final decree for alimony or counsel fees.

On or about September 9th, 1932, respondent filed a petition in the court of chancery to which was attached her affidavit, alleging that she was destitute of means to support

herself and infant children; that her husband, the appellant, was in receipt of an income of $5,000 per year; that he was paying nothing for the support of herself and children, but was living in a high-priced apartment with the co-respondent in the divorce suit with whom the court had found him to be guilty of adultery; that he was well able to pay for the support of respondent and the children, the sum of $25 per week, and the petition prayed for an order requiring the appellant to pay respondent, as permanent alimony, a proper allowance for her support and that of the children and also a reasonable sum for counsel fees.

On October 24th, 1932, an order was made directing the appellant to pay respondent the sum of $20 per week for the support of herself and children and a counsel fee of $50 and costs.

On November 21st, 1932, on application of appellant, supported by his affidavit, an order was made, requiring the respondent to show cause why the order of October 24th, 1932, should not be vacated.

On January 19th, 1933, after reading the affidavit by appellant and the affidavit presented on behalf of the respondent, and after hearing the testimony of witnesses produced by respondent, and argument of respondent's solicitor, the court ordered that the order to show cause, dated November 21st, 1932, why the order of October 24th, 1932, should not be vacated, be dismissed.

It is from this order of dismissal that the present appeal is taken.

The only ground of appeal, stated in the petition of appeal, is that the court should have set aside the decree of October 24th, 1932, instead of dismissing the order to show cause of November 21st, 1932.

The notice of motion for permanent alimony and counsel fee, dated September 9th, 1932, was returnable at chancery chambers, Jersey City, September 19th, 1932, and was duly served upon the appellant, together with a copy of the petition and affidavit. The appellant personally appeared before Vice-Chancellor Fallon at the chancery chambers, Jersey

City, on September 19th, and filed his affidavit in opposition to the motion, and for personal reasons, requested that the motion be continued to October 10th, 1932, which was done. Upon discovering that October 10th, 1932, was Yom Kippur Day, a Jewish high holy day (both parties being of the Hebrew faith) the matter, upon application of respondent, made on October 6th, 1932, was continued from October 10th to October 17th, 1932, at ten A. M., in chancery chambers, Jersey City, and notice of said continuance was duly served upon appellant. By reason of the death of the late Chancellor Walker, no motions were heard at the chancery chambers at Jersey City on October 17th, 1932. A notice was posted at the entrance of the chancery chambers in Jersey City that all matters returnable that day would be continued to October 19th, 1932, and on October 17th, 1932, the solicitor of respondent also sent a registered letter to appellant at his business address and one addressed to him at his residence, notifying him that due to the death of Chancellor Walker, no matters were heard in the court of chancery to-day (October 17th) and that this matter had been continued to October 19th, at ten A. M., at chancery chambers, Jersey City.

The appellant did not appear on October 19th, and respondent's solicitor asked to have the matter continued until October 24th at the same hour and place, and on October 19th again sent a registered letter addressed to appellant at both his business and residence addresses, notifying him that the matter had been continued until October 24th, 1932, at the same hour and place. An order duly signed by Chancellor Campbell, bearing date October 17th, 1932, and filed October 19th, 1932, continued the matter from October 17th to October 24th, 1932.

On October 24th, 1932, the appellant not having appeared, the solicitor of respondent, after waiting until about noon, presented to the court the petition and affidavit of respondent and the affidavit of her witnesses and vice-chancellor having these before him, together with the affidavit of the appellant, advised the order of October 24th, 1932, allowing permanent alimony and counsel fees.

Appellant's first point is that the order of October 24th was improperly made, because at the time the order of continuance was entered (October 17th) there was no chancellor of the State of New Jersey, Chancellor Walker having died October 14th and Chancellor Campbell not having taken the oath of office until October 18th, and that, therefore, the order of October 17th, continuing the hearing to October 24th was invalid and the court lost jurisdiction of the matter.

Appellant seems to be in error in his claim that the office of chancellor was vacant on October 17th. The record shows that Chancellor Campbell was appointed *ad interim,* October 15th, by Governor Moore, and was immediately duly sworn to perform the duties of the office, and that he was again appointed by the governor, confirmed by the senate and qualified for a full term on October 18th, 1932.

We think there is no merit in this point.

The appellant's second point is that the order of October 24th should be vacated because it was made without notice to appellant. This, however, is not so. There is no dispute that the appellant had proper notice that the matter of permanent alimony and counsel fees was to be considered by the vice-chancellor at the chancery chambers, Jersey City, at ten A. M., October 17th, 1932.

On October 17th, appellant says he appeared in the chancery chambers in Jersey City at ten A. M., and discovered that all the court rooms of the chancery chambers were closed and locked, and he could not gain admission; and that he made inquiries and discovered that in consequence of the death of Chancellor Walker the office was vacant and the court of chancery was closed. He does not state of whom he made inquiries or by whom he was thus informed. Furthermore, he does not state that he did not see the notice posted, as alleged in respondent's affidavits, at the entrance of the chancery chambers, that all matters returnable that day would be continued until October 19th at the same hour and place. Had he made any subsequent inquiry he would have been fully informed about his case.

The Chancery act provides that "the court of chancery shall

be considered as always open for the granting and return of writs, and for making all orders and decrees, interlocutory or final." *1 Comp. Stat. p. 411 § 2.*

The proofs of respondent clearly demonstrate that she made in good faith efforts to notify appellant of the various continuances of the matter and that appellant had notified the postmen that he would not accept any letters bearing the name of respondent's solicitor; and while the evidence does not clearly indicate that appellant actually knew the purport of the notices contained in the various registered letters, nevertheless he did know that they were from the solicitor of the respondent and yet he refused to receive the letters or to call at the post office for them in accordance with the notices left by the postmen.

In declining to avail himself of the information which the respondent was zealously endeavoring to furnish him (although under no legal duty so to do), appellant is responsible for the predicament in which his negligence or strategy has placed him.

The last point raised by appellant is that the procedure is wrong; that the proper procedure, in order that the court might properly fix permanent alimony in cases where the decree *nisi* is silent on the question of alimony, is for the wife to make a special application to the court for the purpose of modifying or amending the decree *nisi* and taking testimony, if necessary, before a master, or in open court.

In support of this point, appellant cites *McKensey* v. *McKensey, 65 N. J. Eq. 633.*

Our examination of the *McKensey Case* (also cited by respondent) leads us to the conclusion that the procedure in the instant case met the requirements set forth in the *McKensey Case* except that all the witnesses were not examined in open court. Of this, however, appellant, who though duly notified, failed to appear, cannot complain.

Furthermore, respondent says that the petition of appeal does not raise this question and that under *Young* v. *McLaughlin-Conover Co., 111 N. J. Eq. 424,* and cases therein cited, appellant cannot be permitted to attack a decree in

chancery upon a ground of appeal which is nowhere stated in his petition of appeal.

It is not necessary to dispose of this point upon this technicality. This court is principally concerned in ascertaining whether or not appellant has received due notice and has had his day in court. If he has, there is no cause to assign error.

We think that he had due notice and that he had his day in court. He had an opportunity to be heard on the question of his financial condition; his affidavit (filed by him without raising any objection or making any protest as to the procedure), was read and considered by the court at the time the order of October 24th for permanent alimony was made.

The court had jurisdiction of the subject-matter, and the appellant is in no position to complain here as to procedure. He has waived any rights he may have had to question the procedure on October 24th before the vice-chancellor.

We are of the opinion that the decree of the court of chancery should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   14.

*For reversal*—None.