In the matter of application for *habeas corpus* by CHARLES GIAMPORTONE, respondent.

[Submitted February 16th, 1934.   Decided May 4th, 1934.]

*Mr. Edward R. McGlynn,* for the appellant.

*Mr. Anthony A. Calandra,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a controversy between the father and the maternal grandmother of a little child, a girl, born August 30th, 1932. The mother died less than a week later.

The hearing was referred to an advisory master, who took the testimony and heard argument on the merits.  The first hearing before him was on August 16th, 1933, at which time he expressed himself as unwilling to take the child away from the grandmother if suitable access were allowed to the father. On that basis he adjourned the matter for a month with leave to the father to submit further proof at the expiration of that time.  Such further proof was submitted in the form of a

stipulation of what certain witnesses would say if sworn, and accepted in that form. The stipulation is not dated, but was filed on January 22d, 1934, the date of an order signed by the chancellor on the advice of the advisory master, awarding the child to her father. This is the order appealed from.

On the merits, this order is manifestly right. There is no imputation at all on the character of the father or his ability to maintain his child. He seems to have provided a suitable home, and to have made proper provision for its management and for the care of the motherless child. His primary right to his own child is of course indubitable, and there is nothing substantial to countervail that right. In this aspect the appeal is wholly unsubstantial.

Appellant, however, challenges the regularity of the procedure. The challenge, as contained in the petition of appeal, is that "the advisory master who advised the order aforesaid, had no jurisdiction in the said matter." This is limited in the brief to read: "That the learned vice-chancellor who advised the order of reference dated, &c., had no authority to do so, and even assuming that he did, the only power he gave the advisory master was to take the testimony and report thereon to him."

As to the first branch of this proposition it is sufficient to say that the order of reference, advised by a vice-chancellor, is in fact signed by the chancellor, and is his order.

The second branch of the proposition is this: that the order of reference (to an advisory master, be it remembered), provides under date of June 28th, 1933, that the above matter be referred to the Honorable John A. Matthews, an advisory master of this court, "to take the testimony in the said matter and report thereon," and that it conferred no authority on him to advise what order or decree should be made. The usual form of such an order, familiar to chancery practitioners, is "to hear the said matter for the chancellor and report thereon to him, and advise the chancellor what order or decree should be made therein."

We think the criticism of the order as made is somewhat captious. It might be substantial if the order were directed

to an ordinary master, or even perhaps if directed to a special master. But when a case is referred to an advisory master, that very fact is earnest of something more being expected of him than a mere return of the testimony with a recommendation, subject to exceptions and argument thereon. And an examination of the stenographic transcript makes it plain beyond peradventure that what was contemplated, not only by the advisory master, but by counsel on both sides, was an oral hearing, a decision, and a decree to be advised and signed as of course, as though one of the vice-chancellors had heard the matter for the chancellor. One or two extracts from the transcript will be illustrative:

"The advisory master: We don't want to change this. I will deny that this baby be taken from its maternal grandmother at this time. You may renew your application, as far as I am concerned, when that baby is about four years old. Until that time I am going to order that it stay with its maternal grandmother."

"* * * I would like to say right here and now, that unless I have an absolute guarantee here this morning that the father may see the child every evening of his life, upon his return from work, then I take the child away from the grandmother.

"Mr. McGlynn: No restrictions whatever.

"The Advisory Master: He is entitled to that.

"Mr. McGlynn: I know that cannot happen, because if we went into the testimony of this case and your honor heard all of the witnesses on both sides you would be satisfied such an arrangement could be made.

"Mr. Calandra: I don't want the record to show that the petitioner consents to such an arrangement.

"The Advisory Master: No, I don't want him to consent to anything. It is my order that the matter be adjourned for one month. In the meantime, the grandmother will take care of the child."

The hearing was conducted wholly on that basis without the slightest suggestion by either side of any limitation of jurisdiction of the advisory master, and it is apparent that

the order of reference was construed by all concerned as the usual order to hear and advise a decree. If the present appellant was content with that state of affairs at the first hearing, and also at the second, she cannot well repudiate it because the second resulted adversely to her. Moreover, in the absence of any challenge whatever to the jurisdiction of the advisory master at any stage of the proceeding until after the decree had been advised, and signed by the chancellor, we are clear that it was then too late to raise the question by an appeal, quite apart from the fact that the petition of appeal is too broad, in that it challenges the existence of any jurisdiction whatever on the part of the master. This result makes it unnecessary to go into the technicalities of the chancery procedure and the various statutes and rules in that regard.

The order under appeal is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.