THE NATIONAL NEWARK AND ESSEX BANKING COMPANY OF NEWARK, trustee under trust mortgage of Durant Motor Company of New Jersey, dated July 18th, 1922, complainant, and WAVERLY TERMINAL CO., respondent,

*v.*

DURANT MOTOR COMPANY OF NEW JERSEY, and others, defendants, and HORACE M. DUBOSE, JR., appellant.

[Submitted February 7th, 1939. Decided April 21st, 1939.]

436

*Messrs. Coull, Satz & Tomlinson (Mr. Joseph Coult, Jr.,* of counsel), for the appellant, Horace M. Dubose, Jr.

*Messrs. Child, Riker, Marsh & Shipman (Mr. Irving Riker,* of counsel), for the respondent, Waverly Terminal Co.

PER CURIAM.

The complainant was trustee under a trust mortgage of Durant Motor Company of New Jersey, defendant, and foreclosed the mortgage in the court of chancery.

The mortgaged premises were offered for sale by a special master on November 22d, 1933. The property consisted of a large industrial plant which had been used for the manufacture of automobiles in the city of Elizabeth. It was offered for sale subject to unpaid taxes due the city of about $550,000, and to fees and expenses of about $120,000.

The only bid offered was a special one which in due course was assigned to the Waverly Terminal Co., respondent. It was confirmed by the court on November 27th, 1933. Under the terms of the bid, paragraph 5 thereof, the respondent was obliged to issue its non-cumulative preferred stock or income debenture bonds at par to the holders of the old bonds of Durant Motor Company of New Jersey to the extent of outstanding bonds of the par value of $770,000.

Respondent petitioned the court of chancery for instructions concerning the manner of issuing the preferred stock. An order to show cause was issued and due notice given to all known bondholders. Two bondholders objected to the proposed form of preferred stock certificate (which was annexed to the petition), one of whom, Horace M. Dubose, Jr., the holder of Durant bonds of the par value of $7,500, appeals to this court from the order of the court fixing the form and substance of the preferred stock certificate.

The clause in the preferred stock approved by the court, which is objected to and claimed to be a departure from the bid as accepted, is as follows:

"For the purpose of determining whether a dividend upon any class of stock has been earned in any fiscal year there shall be deducted from the corporation's gross income for each fiscal year (excluding therefrom, however, any profit, income and proceeds resulting from the settlement or acquisition by the corporation of any lien upon the company's property at the time it acquired the property, or from the settlement or acquisition by the corporation of any of the obligations imposed upon the corporation by the terms of the Contract dated November 22d, 1933, annexed to the foreclosure bid, or from the settlement or acquisition by the corporation of any of the bonds of the Durant Motor Company of New Jersey or the preferred stock issued to the holders thereof, or from the settlement or acquisition by the corporation of any obligation incurred for capital purposes)."

The appellant contends that to exclude gains from the compromise of obligations from gross income, and the deduction of accumulated deficit from gross income were erroneous.

We conclude that these contentions are without merit.

Vice Chancellor Bigelow, who advised the order appealed from, was fully conversant with the details of the entire proceedings, same having been before him from the beginning of the suit. He said in his opinion on this phase of the case: "Remember that this whole matter, from the foreclosure sale on, has been essentially a salvage operation." It appears that at the time of the sale the bonds were selling at four cents on the dollar.

The bid for the property did not embrace every detail and was not intended to do so. The court below was called upon to give effect to the intention of the parties as shown by the

bid and its acceptance. It seems to us, under all the facts and circumstances that the conditions prescribed under which the preferred stock was issued, were within the meaning and intention of the conditions of the sale of the property as found by the vice-chancellor for the reasons expressed by him in his opinion.

The decree appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.