NATHAN A. WHITFIELD, trustee in bankruptcy for E. C. & J. B. Kern, Inc., complainant-respondent,

*v.*

EDWARD C. KERN et al., defendants-appellants.

[Argued February 15th, 1939.  Decided May 23d, 1939.]

*Mr. George H. Rosenstein* and *Mr. Jacob Lipman,* for the complainant-respondent.

*Mr. Abraham M. Herman,* for the defendant-appellant Edward C. Kern.

The opinion of the court was delivered by

CASE, J.

There are two appeals. On September 12th, 1938, complainant was awarded a money decree against the defendants directing them to pay $17,559.63 debt and, in addition, costs taxed at $982 and a counsel fee of $3,000. A writ of execution was issued and placed in the hands of the sheriff of Essex county who levied upon the rents, issues and profits accruing to the defendant Edward C. Kern (who alone of the defendants prosecutes the appeal) from certain real estate properties, upon a bank deposit of $291.16 and upon certain shares of stock owned by the said defendant in the Bank of Montclair, at Montclair, New Jersey. The sheriff made further demand upon the defendant for his certificates of stockholdings in various corporations and was informed by him that the certificates were "out of the state." The court of chancery thereupon, on complainant's petition and with proof that the decree was wholly unsatisfied and that Kern was secreting his securities, made an order, dated November 16th, 1938, with *ad interim* restraint, directing Kern to make discovery of his property and things in action, to show cause on November 22d, 1938, why a receiver of his rents, issues and profits and of his property and things in action should not be appointed and, along with named garnishees, to show cause, at the same time, why specified property under levy should not be turned over to the sheriff. On the return day chancery denied a petition by Kern to vacate the earlier order and continued, until a day fixed, the return of the "show cause" provisions.

The first appeal is from the orders of November 16th and of November 22d. The notice of that appeal is dated November 23d, 1938, and was filed at an undisclosed hour on December 20th, 1938. On November 29th, 1938, on the petition of the appellant herein, the court ordered that sales under the execution then outstanding or under additional execution be stayed until determination of the appeal from the money decree. That order is not under appeal.

On December 20th, 1938, chancery made a further order which recited that there had been various extensions and postponements at the request of Kern or of his solicitor, and that the said solicitor had made promises to the court, which had not been kept, with respect to the bringing of certain valuable, marketable securities under the lien of the decree. The directions of the order were: (1) The defendant, who had not yet submitted to examination, was again instructed to appear and make discovery before a master, (2) he was directed to pay complainant's costs to be taxed, including a counsel fee of $125 on the several applications and hearings, (3) complainant's application for the appointment of a receiver was denied without prejudice and (4) the "show cause" provisions of the November 16th order were discharged "except to the extent that has been herein or heretofore otherwise determined." That order, which is the subject of the second appeal, was made on the day that the notice of the first appeal was filed but without knowledge by the court of that notice and, for aught that appears *contra* before the filing thereof.

The only portions of the appealed orders which, in our view, now remain active are the order for discovery, the *ad interim* restraint against alienations and the direction to pay costs and counsel fee. Of the matters presented on appellant's brief we shall consider only the points which are well pleaded and are actively in issue.

The brief contains the arguments on both appeals, but the arguments are separate and distinct. That which has to do with the first appeal is prefaced by this observation:

"Apparently the questions raised on the appeal from the order of November 16th, 1938, and November 22d, 1938, denying the motion to vacate the order of November 16th, 1938, have become moot by the subsequent order of the court of December 20th, 1938, wherein the petition for the appointment of a receiver and the show cause provisions of the order of November 16th, 1938, are denied with the exceptions that the restraints imposed by the order of November 16th, 1938, restraining the defendant from transferring or encumbering his property and assets remain in full force and effect; the

result is that although no receiver for the rents has been appointed and the show cause orders denied this defendant cannot without danger of being in contempt of the order of the court of chancery, use the income that he may receive from the rents and issues of his property."

The conclusion by the defendant that he may not, without danger of being in contempt, use the income arising from the rents and issues of his property does not ground in any order under appeal. The legality of the sheriff's levy in this respect is not before us. On this finding, the points raised on the first appeal become moot according to appellant's construction. Without holding that all of those questions are moot, we express our thought that all of the litigated questions arising on the first appeal are, with the single exception which we shall hereinafter note, presented on the second appeal. Therefore, to avoid duplication, we proceed to consider the second appeal.

Appellant's point one is that the discovery proceedings were without petition or affidavit, were merely upon the oral application of the complainant's solicitor and were without notice to the appellant. The order of December 20th is one of a series which grew out of and depend upon the original petition. That petition was detailed and fully verified. It prayed specifically for a discovery. It appears from the December 20th order that the appellant's solicitor was present and participating and that the hearing was on the duly continued return of the order of November 16th. It is frivolous for appellant to urge that on December 20th he was not on notice of a matter whereon he had appeared repeatedly and had himself been heard on an affirmative motion to dismiss. Moreover, it is neither the statutory requirement nor the practice that a judgment debtor be noticed before the making of an order on a petition for discovery.

His second point is that "the order for discovery proceedings was erroneously granted because it appears that there is an execution issued and outstanding to the sheriff of Essex county and that no return had been made on such execution." Section 44 of the Chancery act (*1 Comp. Stat. p. 425; R. S.*

*1937, 2:29-57*), provides that "A decree of the court of chancery shall, from the time of its being signed, have the force, operation and effect of a judgment at law in the supreme court, from the time of the actual entry of such judgment; and all decrees and orders of the court of chancery for the payment of money by one person to another shall have a like effect, and the chancellor may order execution thereon as in other cases * * *." Section 70, now *2:29-110* of the *1937 Revision*, under the caption of "Discovery in Aid of Unsatisfied Judgments at Law," provides that "When an execution against the property of a defendant shall have been issued on a judgment at law, and has been returned unsatisfied in whole or in part, leaving an amount or balance remaining due exceeding $100, exclusive of costs, the party suing out the execution may file a bill in chancery to compel the discovery of any property or thing in action belonging to the defendant in the judgment, and of any property, money or thing in action, due to him or held in trust for him, except such property as is reserved by law, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant * * *." Appellant argues from this that before the complainant could sue out of chancery an order for discovery he must needs have the execution returned unsatisfied, and that since he did not do so he was not entitled to the order. Appellant does not contend that chancery may not, in proper circumstance, order a discovery in aid of its own execution. He could hardly do that, else he would be contending that chancery may do for the law courts that which it may not do for itself; and such an argument would fail of conviction. But if chancery has authority, in any circumstance, to issue an order for discovery in aid of its execution under a money decree, either that authority flows from the inherent power of the court independent of statute to aid in the enforcement of its decrees, in which event nothing more need be said; or it takes on the aspect of a judgment at law under the statutory provision that it shall have the force, operation and effect of such a judgment, and if this be the answer, it does not appear by

what authority appellant limits the granting of discovery to the provisions of the Chancery act. It is only by analogy that that statute applies, inasmuch as by its terms the discovery proceedings relate exclusively to judgments at law. Sections 23, *et seq.,* of the Executions act (*2 Comp. Stat., p. 2249,* as amended by chapter 99, *P. L. 1933,* restated in *R. S. 1937, 2:26-148 et seq.*), authorize the law courts to order discovery upon proof that a judgment has been entered and that a named amount remains due thereon. That statute does not require that an execution shall have issued and been returned unsatisfied. There is sound reason why such a requirement be retained in the procedure by which chancery entertains a bill for discovery in aid of a law judgment. That is consistent with the principle that the law processes should be exhausted in aid of a law judgment before the chancery jurisdiction is invoked. *Williams* v. *Winans, 22 N. J. Eq. 573.* But if, as is plainly the legislative direction, a money judgment (*Second National Bank* v. *Blauvelt, 44 N. J. Eq. 173, 176; While* v. *While, 94 N. J. Eq. 278*) in chancery is to have the "force, operation and effect of a judgment at law in the supreme court" (*R. S. 1937, 2:29-57 supra*), then it seems to follow that chancery may accord the same assistance to chancery judgments that the supreme court does to law judgments. We conclude that chancery was within its proper jurisdictional field in directing the defendant to make discovery on the facts shown.

We here advert parenthetically to appellant's point three on the first appeal, which is that the court erred in enjoining the defendant from transferring his property on an *ex parte* application without notice, contrary to the rules, particularly rule 212, of the court of chancery. We are not disposed to disturb the order on the question of violation of rules. However, we are not to be understood thereby as passing approval upon the extent of the restraint. The order contained two restraints on alienation. One was directed specifically at the shares of stock in the Bank of Montclair, on which there had been a levy, actual or attempted, and which was the subject of a deposition on knowledge. We think that it was well

within the rightful authority of the court. *Cf. R. S. 2:26-151.*
The other was without limitation: "Ordered, that the defend-
ant, Edward C. Kern be and he hereby is restrained from
selling, transferring or encumbering until the further order
of this court, to any person or persons, any property or moneys
and things in action owned by him and due to him, except
such property as is now reserved by law." With respect to it
we express a doubt. The decree is a money judgment. It
grounds in the equitable theory, with statutory basis, that
upon the insolvency of a private corporation, a *quasi*-trust
relationship arises between its directors and its creditors.
*Whitfield* v. *Kern, 122 N. J. Eq. 332.* Complainant, trustee
in bankruptcy for E. C. & J. B. Kern, Incorporated, brought
this suit against the appellant (who was the president and
a director), with others, to recover for losses arising out of
management. He recovered, and the orders now before us
followed and were incidental to the final decree. Neither
the decree nor any of the orders was directed towards a fund.
The restraint under discussion is not aimed at one or another
form of investment or thing of value into which tortious or
trust funds have gone. There is no peculiarly equitable rela-
tionship between the decree and the affected property. The
order was, so far as appears, simply a means of assisting the
complainant to collect a money judgment by tying up all of
the defendant's property until the debt be paid or the order
be revised—a blind but all-embracing levy. Our attention
is called to no statutory or case law which sustains so drastic
a restraint in aid of a money decree. *Cf.,* by way of analogy,
*Barr* v. *Voorhees, 55 N. J. Eq. 561.* But appellant does not
raise that broad question and perhaps is not in position to
do so. The original grant of the restraint was, it is true, *ex
parte;* but it became litigated, on November 22d, 1938, when
appellant moved to vacate the restraint and enumerated his
reasons which need not be here repeated but which did not
include the point to which this *quære* is directed. The ques-
tion is not, practically, of first importance in the case, because
the restraint could have been. and may yet be, made specific
against property which, by proofs and admissions before the

[redacted]

court of chancery, was brought within the reasoning of *Commercial Bank, &c., of Los Angeles* v. *Hamilton, 101 N. J. Eq. 249.*

It is next said that the order of December 20th was erroneously made because the sheriff had levied on real estate of large value; and further, that the granting of the order was an abuse of discretion inasmuch as an appeal had been filed from the final order and that sufficient property was otherwise under lien to satisfy the decree. We find no record of a levy upon real estate, and our understanding is that there was no such levy. There is no proof and no suggestion that the personal property levied upon was adequate to satisfy the execution or to protect the complainant pending an appeal. If appellant has property of the imputed magnitude, he should have no difficulty in procuring an appeal bond. He has at no time, so far as we can determine, exerted himself to give plaintiff that protection which is owing from a judgment debtor who desires to free his property from lien and himself from searching inquiry. The order, except as it ran in appellant's favor, served only to protect and to preserve, and not at all to destroy or impair, the subject of the appeal, and therein was in line with the practice which has been recognized without substantial question in a long line of chancery cases going back at least as far as *Ashby* v. *Yetter, 78 N. J. Eq. 173.* There is nothing to indicate that objection was made to the court below that the making of the order was inhibited by the taking of the appeal from the final decree, and no statement is made to us that the subject-matter of the appeal was thereby impaired. We find no abuse of discretion.

Appellant further contends that the order of December 20th is erroneous in that it is similar to the order of November 22d and that an appeal from the latter order was pending when the order now under discussion was signed. The orders were in sequence in the same proceeding. One was corrective and amendatory of the other. No sound reason is presented why the inevitable similarity between them should be ground for reversal. The time element is concluded adversely to the appellant in accordance with the statement of fact, *supra.*

There is nothing in the remaining points that requires mention.

The orders will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.