RUSSELL E. CUSHING, petitioner-appellee,

*v.*

PAULINE CUSHING, defendant-appellant.

[Decided September 22d, 1939.]

*Mr. Wilfred B. Wolcott,* for the petitioner-appellee.

*Mr. Harry Grossman,* for the defendant-appellant.

The opinion of the court was delivered by

HAGUE, J.

This is an appeal from an order dismissing an order to show cause why the petitioner should not be required to file a bond for costs. Petitioner, Russell Cushing, was formerly the husband of the defendant, Pauline Cushing, from whom he was divorced in 1935, because of her adultery. There are three children. The final decree in the divorce action did not deal with their custody. Later the husband filed a petition asking custody and the wife filed a counter-petition asking that custody be given her, and an allowance made for the support of the children.

On January 6th, 1939, a decree was made on the advice of Advisory Master Erickson, which denied the husband the custody because he no longer resided in New Jersey, and decreed that he pay $30 per week to his former wife for the support of the children. The present petition, filed February

14th, 1936, is for a modification of this decree, praying that he be awarded the custody of the three children and that if the two older children, Carroll and Russell, refuse to live with him that he be relieved of the obligation of further supporting them while they remain with their mother, whom he charged to be an unfit person to have custody of them.

The alleged facts set forth in the petition show that during the courses of the proceedings petitioner was temporarily awarded the custody of the children for two weeks to take them to his home in Michigan, and that the wife, as he charged, prevented their going although he gave bond, in accordance with the order, in the sum of $4,000.

The petitioner, in brief, alleged that the minds of his children had been "poisoned" against him by their mother and that if he could not have custody of them he did not want their mother to have them. He is still a non-resident and the present appeal by the mother is from an order denying her application that the petitioner be required to post a bond in the sum of $150 as security for costs, before his present application is heard. The learned advisory master denied the defendant's application for security for costs on the ground that the present petition was but a step in the cause and not a new and independent action.

Usually permanent order for custody of children is made as an adjunct to the suit for divorce but if, for any reason, no order has been made application should, as a practical matter, be allowed after the entry of the decree of divorce substantially in the same manner as original applications for alimony are made after a final decree of divorce. These applications made subsequent to the final decree should be and are regarded as merely supplemental to the original petition and not as a new cause of action, and therefore defendant is not entitled to security for costs on the grounds that the plaintiff has started a new cause of action. Compare *R. S. (1937) 2:50-37; McKensey* v. *McKensey, 65 N. J. Eq. 633; 55 Atl. Rep. 1073; Smith* v. *Smith, 88 N. J. Eq. 319; 102 Atl. Rep. 381.*

The order is affirmed.

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ.  14.

*For reversal*—None.