IRENE TEST, petitioner-appellant,

*v.*

CLAYTON TEST, JR., defendant-respondent.

[Argued October term, 1941. Decided January 29th, 1942.]

*Mr. Emanuel Kohn,* for the appellant.

*Mr. Joseph H. Gaudielle (Mr. James A. Major,* of counsel), for the respondent.

The opinion of the court was delivered by

PERSKIE, J.

This is a contest between divorced parents for the custody of their infant son.

The primary question requiring decision on the record submitted is whether the mother, to whom custody of the child had been awarded by order of the court was, as she claims, deprived of that custody without due process of law.

By the decree *nisi* entered on October 27th, 1936, and made absolute on January 28th, 1937, the marriage of appellant (referred to as mother) and respondent (referred to as father) was dissolved on the ground of extreme cruelty on the part of the father; the custody of the only child of the marriage (a boy then about five years of age) was awarded to the mother; the father was ordered to pay the mother

$10 a week for the sole support of the child; and the father was given the right of limited visitation and custody of the child. On April 26th, 1938, the father was adjudged guilty of contempt for having failed, as charged, to pay $168 which had then become due and, in pursuance of the usual practice, it was ordered that a warrant issue for his arrest.

From this point the record submitted is most confusing.

From the record thus submitted, it appears that with knowledge of the existence of the order of April 26th, 1938, but before its provisions had been enforced, an advisory master of another vicinage entertained a petition by the father seeking a change in the provisions of the decree *nisi*. This advisory master took hold of the cause; he orally instructed counsel for the mother not further to proceed with the order of April 26th, 1938.

Thereafter, between June 14th, 1938, and July 9th, 1941, a series of petitions were filed and entertained, over objection to his right so to do, and some six or seven orders were entered by this advisory master concerning the right of visitation and custody of the child.

Although the mother appeals from each of the several orders entered, it will serve no useful purpose to detail the contents of each petition on which an order was based. For, it is conceded that the "major question raised" on this appeal arises out of the father's supplemental petition of September 20th, 1939.

By this petition the father charged, in substance, as he did in the very first petition he filed on July 8th, 1938, and in his subsequent petitions, that the child was in poor health as the result of malnutrition and lack of proper care, and, therefore, prayed, *inter alia*, that he be awarded custody of the child.

Pursuant to the prayer for relief, the advisory master advised the dispositive order of April 2d, 1941, which was entered.

By this order the father was awarded the custody of the child with the "understanding" that the child should be placed under the care and tutelage of the father's mother who had indicated her willingness to assume that responsibility.

This order was amended by an order (June 28th, 1941), giving the mother the right of limited visitation and custody. The father thereby succeeded in completely changing the applicable provisions under the decree *nisi* entered on October 27th, 1936.

We are thus met at the threshold of our consideration and determination of this cause with the posed question requiring decision. Our answer to that question is in the affirmative.

1. It is rudimentary that "due process of law" requires notice, timely and reasonable opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Cf. State* v. *Zied, 116 N. J. Law 234, 236; 183 Atl. Rep. 210; Hinners* v. *Banville, 114 N. J. Eq. 348, 353; 168 Atl. Rep. 618.*

Lack of orderly procedure is the pattern singularly characteristic of the proceedings resulting in the orders under review. No formal hearings were held. No formal proofs were submitted. Instead, true to pattern informal conferences were held between the advisory master and respective counsel on the petition of September 20th, 1939. Nothing appears to have happened until March 29th, 1941, when the advisory master wrote respective counsel that he had just received the medical report of the examination which Dr. Gilady (father's physician) had made of the child on February 8th, 1941 (delivery of which was delayed because of the doctor's absence); that he desired finally to dispose of the cause on April 2d, 1941, at ten o'clock and expressed the hope that the parties would find it convenient to be present. Counsel for the mother did not comply with the request of the advisory master. His explanation is that, as the result of the stated conferences, he understood that no proofs were to be taken and that the relief sought by the father would be denied.

Passing over the doubtful question whether the letter of the advisory master may be regarded as either a proper and timely notice, and passing over the more doubtful question whether the failure of counsel for the mother to comply with the request of the advisory master was justifiable, it is clear that there was neither a formal hearing nor proper proof to

support the order of April 2d, 1941. That order is supported, if at all, by the report of Dr. Gilady. That report is not evidential. It is based on an examination of the child of which neither mother nor her counsel had any knowledge. The happiness and best welfare of the child are the determinative factors as to who shall have his custody. These factors are purely factual. The facts embraced in the report of Dr. Gilady's examination were of utmost importance; they tended to support the father's charges; they were indeed relevant to the issue. The mother who denied those charges was entitled, as a matter of right, to the orderly and reasonable opportunity of the cross-examination of Dr. Gilady. *Prout* v. *Bernards Land and Sand Co., 77 N. J. Law 719; 73 Atl. Rep. 486; 25 L. R. A. (N. S.) 683.*

2. Conceding that in the absence of a request for an oral hearing, affidavits may be used (*Cf. Cropsey* v. *Cropsey, 104 N. J. Eq. 187, 192; 144 Atl. Rep. 621; 64 A. L. R. 1266; Royce* v. *Royce, 124 N. J. Eq. 469; 1 Atl. Rep. (2d) 878*), nonetheless, we are of the opinion that when, as here, the issue is of such paramount importance, and is so bitterly disputed, "due process of law" would best be satisfied if that issue were determined in an orderly procedure, on due notice and on oral proofs.

3. Since this cause is to be tried in the manner indicated, a word is advisable on the objection made as to the jurisdiction of the advisory master who advised the orders under review.

It is settled that the orders under review are the orders of the Chancellor and not those of the advisory master. *In re Giamportone, 116 N. J. Eq. 67; 172 Atl. Rep. 747; Traudt* v. *Traudt, 116 N. J. Eq. 75, 77; 172 Atl. Rep. 749.* But in the case at bar, unlike in the last two cited cases, timely objection was interposed as to "jurisdiction or right" of the advisory master in the premises. But that objection is based solely on the ground that only an advisory master in the vicinage wherein the outstanding contempt order of April 26th, 1938, was advised had jurisdiction.

This is not necessarily so. Vicinages are primarily established for the convenience of litigants and for the orderly and expeditious administration of justice. The rules of Chan-

cery (rule 128 (b)) clearly provide that the court "in or near the locality in which the cause of action arose" is the court which should be invoked as a general rule. And no "special ground" (rule 128(h)) for the relaxation of the rule is made to appear.

In light, however, of our disposition of this cause, we find it unnecessary to intimate, much less to decide, whether the breach of the stated rules operates to invalidate the orders under review. We do, however, desire to make abundantly clear that we are not to be understood as approving the procedure followed in the circumstances here exhibited.

The several orders under review are reversed, with costs. The cause will be remanded to the court below where the issue shall be tried consistently with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.