18 N.J. Super. 12 (1952)
86 A.2d 587
FRANCES L. KASE, PLAINTIFF-RESPONDENT,
v.
GUSTAVE KASE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1952.
Decided February 15, 1952.
*14 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Martin Simon argued the cause for the respondent (Mr. Joel L. Bohrer, attorney).
Mr. Arthur Knaster argued the cause for the appellant.
The opinion of the court was delivered by BIGELOW, J.A.D.
The defendant has been domiciled in New York City for the past 17 years, and the plaintiff is also a resident of the same city, though how long she has lived there does not appear. But in 1930, both of them resided in New Jersey and were man and wife. That year, the plaintiff obtained a decree of divorce in our Court of Chancery. The decree nisi and the final decree were both silent on the subject of alimony and the petition for divorce contained no prayer for alimony. Twenty years later, December *15 1, 1950, plaintiff caused to be served on her former husband, in New York, a notice that she would apply to one of the judges of our Superior Court for an order "requiring you to pay a proper allowance for the support and maintenance of the plaintiff." The defendant responded, pursuant to Rule 3:12-2, by moving that the application be dismissed for lack of jurisdiction over the person of the defendant, insufficiency of process and of service of process. His motion was denied and he appeals.
The jurisdiction of a court is confined to the territory of the state that created it, and extends only to property or to a res within the borders of the state, to persons domiciled therein, and to non-residents who come into the State and are there served with process, or who voluntarily appear in the cause. 14 Am. Jur., Courts, § 223. As applied to alimony, see Hervey v. Hervey, 56 N.J. Eq. 166 (Ch. 1897); 56 N.J. Eq. 424 (E. & A. 1898); Elmendorf v. Elmendorf, 58 N.J. Eq. 113 (Ch. 1899), and Geary v. Geary, 6 N.E.2d 67; 108 A.L.R. 1293 (N.Y. 1936). Not only must a court have potential jurisdiction in this sense, but appropriate steps must be taken to the end that a party whose rights or property are the subject of the proceeding shall have an opportunity to defend. There is no question but that Chancery had jurisdiction over the divorce action brought by Mrs. Kase, December 31, 1929, and over the parties thereto. The site of the res, the matrimonial status, was New Jersey, the parties were domiciled here and the defendant was personally served with process within the State. But does the court still retain jurisdiction?
An action terminates with the final decree or judgment, and the court loses jurisdiction over the cause and over the parties after the next term of court, or after expiration of the time for appeal, or some other certain period. Tichenor v. Collins, 45 N.J.L. 123 (Sup. Ct. 1883). The parties are then supposed to have left court and gone home. But there are exceptions to this rule, so that the court retains jurisdiction for proceedings in execution or enforcement of *16 the judgment. National N. & E. Banking Co. v. Durant Motor Co., 124 N.J. Eq. 213 (Ch. 1938), affirmed 125 N.J. Eq. 435 (E. & A. 1939); Whitfield v. Kern, 125 N.J. Eq. 515 (E. & A. 1939). Or ancillary thereto. Englander v. Jacoby, 132 N.J. Eq. 336 (Ch. 1942). In equity, moreover, the device is employed in certain classes of cases of inserting in the final decree a declaration that the parties may apply at the foot of the decree for further relief at a later day as the situation ripens. The effect is to permit parties in interest to make application in the cause in a summary manner by petition or notice. 2 Danl. Ch. 1014 (Am. Ed. of 1865); 1 Barbour Ch. Pr. 332 (Ed. 1874). This procedure was followed in New Jersey in divorce cases in order that Chancery might entertain an application for alimony and regulate the amount from time to time. Lynde v. Lynde, 54 N.J. Eq. 473 (Ch. 1896), affirmed 55 N.J. Eq. 591 (E. & A. 1897). Then our statute was amended to provide, as it still does, that after a decree of divorce, the court may make an order touching alimony and revise and alter the same from time to time as circumstances require. R.S. 2:50-37. This statute has the practical effect of embodying in every divorce decree leave thereafter to apply in the cause for alimony. Smith v. Smith, 88 N.J. Eq. 319 (E. & A. 1917). That is so even though the petition for divorce does not pray for alimony. McKensey v. McKensey, 65 N.J. Eq. 633 (Ch. 1903); Maloney v. Maloney, 12 N.J. Misc. 397 (Ch. 1934). For the purpose of alimony, the court retains jurisdiction after the final decree of divorce; the parties remain in court.
Since an order for the payment of alimony is a personal judgment, process must be served within the State in order to give the court jurisdiction of the person of a non-resident defendant. McGuinness v. McGuinness, 72 N.J. Eq. 381 (E. & A. 1908). But as already noted, the defendant Kase was domiciled in New Jersey when the suit was instituted and the process, the subpoena ad respondendum, was served on him personally within the State. That suit, *17 as we have pointed out, is still pending for the purpose of alimony and the court still has jurisdiction of the parties. There can be no doubt that application for alimony can properly be made in a summary manner at the foot of a divorce decree. McKensey v. McKensey, supra; Swallow v. Swallow, 84 N.J. Eq. 411 (Ch. 1915); Samuels v. Samuels, 114 N.J. Eq. 329 (E. & A. 1933); Parmly v. Parmly, 16 N.J. Misc. 447 (Ch. 1938), affirmed 125 N.J. Eq. 545 (E. & A. 1939). In the Swallow case, ten years elapsed between decree for divorce and petition for alimony, and in Parmly v. Parmly the period was 18 years.
Even though process in the main suit was duly served, and jurisdiction is still retained, yet notice and ample opportunity to be heard on the alimony application are necessary. McKensey v. McKensey, supra. In Samuels v. Samuels, supra, the appellate court said that it was "principally concerned in ascertaining whether or not appellant has received due notice and has had his day in court." It has been said that a party "must receive special notice of all proceedings against his interest in the progress of the cause, which he could not know from the ordinary course of practice." McSherry v. McSherry, 77 A. 653 (Md. 1910). So, in order to constitute due process in an action to wind up a corporation or a partnership, a turn over order, or a determination of the ownership of capital stock, may be made only on notice. Taylor v. Phox Bus Co., 129 N.J. Eq. 610 (E. & A. 1941); Hyman v. Muller, 1 N.J. 124 (1948). Cf. Lommason v. Washington Trust Co., 140 N.J. Eq. 207 (E. & A. 1947). And, in a divorce action, an order respecting custody of children requires notice of the application. Test v. Test, 131 N.J. Eq. 197 (E. & A. 1942). The constitutional requirement as to notice is satisfied, however, if the notice conveys the requisite information and affords a reasonable time for appearance, with regard to "the practicalities and peculiarities of the case." Mullane v. Central Hanover, etc., Co., 339 U.S. 306; 70 S.Ct. 652 (1950). Notice need not be served within the state when the proceeding is a part *18 of an action previously commenced, in which jurisdiction of the person of the defendant was acquired. Cukor v. Cukor, 49 A.2d 206; 168 A.L.R. 227 (Vt. 1946). See also Dunn v. Clarke, 8 Pet. 1; 8 L.Ed. 845 (1834); Carey v. Houston, etc., Co., 161 U.S. 115; 16 S.Ct. 537 (1896).
In the instant case, the Chancery Division, as successor to the Court of Chancery, has jurisdiction of the person of the appellant husband by force of the service of the subpoena in 1930. The notice of the alimony application afforded him ample opportunity to be heard. The circumstance that the notice was served on him in New York was immaterial. His motion to dismiss was properly denied.
Affirmed with costs.